THE STATE, EX REL. McDANIEL, v. INDUSTRIAL COMMISSION ET AL.

56

(No. 83AP-551—Decided February 16, 1984.)

*Clayman & Jaffy Co., L.P.A.,* Mr. *Stewart R. Jaffy* and *Mr. John F. Livorno,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Lee M. Smith* and *Ms. Jenice R. Golson,* for respondent Industrial Commission.

*Messrs. Bricker & Eckler, Mr. Michael J. Renner* and *Mr. Kent D. Stuckey,* for respondent Robertshaw Controls Company.

WHITESIDE, P.J. By this original action in mandamus, relator, Grace McDaniel, seeks a writ ordering respondent Industrial Commission to vacate its order of March 2, 1983, awarding her compensation for "temporary partial disability" and to enter an order awarding her compensation for temporary total disability. Respondent employer, Robertshaw Controls Company, has filed a cross-claim seeking a writ ordering respondent Industrial Commission to vacate said March 2, 1983 order finding claimant to have a fifty percent temporary partial disability and to reinstate the order of a district hearing officer finding claimant to have a twenty percent temporary partial disability.

Relator sustained an injury while in the employment of respondent Robertshaw Controls on January 13, 1981. Her claim was allowed for "cervical and lumbosacral strain," and temporary total disability compensation was awarded from January 15 through December 27, 1981. The period now in dispute is initially from December 28, 1981, to March 10, 1982, on which latter date a district hearing officer entered an order that claimant be paid temporary partial compensation at the rate of twenty percent impairment, purportedly based upon reports of Drs. Brown, Cavine and Hutchison. On March 26, 1982, relator filed an application that her claim be recognized for an additional condition of psychogenic pain syndrome. The March 10, 1982 order was appealed to the Regional Board of Review, which, on July 1, 1982, affirmed the order of the district hearing officer, "based on the evidence in the file and/or evidence adduced at the hearing." This order was appealed, resulting in the March 2, 1983 order, which is the subject of this action. In the interim, however, an order was entered on September 3, 1982, recognizing relator's claim for the additional condition of psychogenic pain syndrome, which determination is not contested by respondent employer.

In its March 2, 1983 order, respondent Industrial Commission, through two staff hearing officers, vacated the order of the regional board of review and ordered that: "Compensation for temporary partial disability is to be paid at a 50 percent rate from 12-28-81 through 11-21-82." The order fails to refer to the evidence upon which the order is predicated or give reasons for the decision.

Only R.C. 4123.56 provides for temporary disability compensation and expressly provides that such compensation shall be paid only so long as the disability is total. In other words, R.C. 4123.56 does not permit payment of so-called "temporary partial disability" compensation. Nor does R.C. 4123.57(A) or (B) provide for the so-called "temporary partial disability" compensation, which respondent Industrial Commission attempted to award in this instance since, as a prerequisite to an award of compensation under R.C. 4123.57, there must be a finding of permanent impairment. The last paragraph of R.C. 4123.56 does permit reduction in the amount of compensation for temporary total disability to the extent that the injured employee has received payments under certain insurance policies fully funded by the

employer. That, however, is not temporary partial disability compensation but remains temporary total disability compensation.

Nor have counsel for any of the parties been able to explain a statutory or other legal basis for the purported award of temporary partial disability compensation in this case. In short, the respondent Industrial Commission at all stages has failed to address and determine the issue before it as set forth in *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O.3d 518]; namely, whether claimant is prevented by her industrial injury from returning to her former position of employment and, instead, has focused upon a purported degree of physical impairment, rather than the degree to which claimant is prevented from performing her regular job duties as a result of her industrial injury. Presumably, a temporary disability of either fifty percent or twenty percent physical impairment could result in the injured employee having a total disability in the sense that he is unable to perform his regular job duties because of such physical impairment.

In addition, both the regional board of review and respondent Industrial Commission failed to set forth any reasons for their respective decisions and to set forth the evidence relied upon, which requires at the minimum an order requiring respondent Industrial Commission to specify the basis for its decision. *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481.

Under the circumstances, a broader writ is required, inasmuch as the respondent Industrial Commission, through its staff hearing officers, has failed to determine the basic issue before it. The decision of the district hearing officer and the medical reports relied upon by him are not dispositive in light of the fact that an additional condition has been allowed in the interim. A full de novo hearing is contemplated at each stage of the administrative process. Therefore, a writ of mandamus must be granted under the circumstances of this case, predicated both upon the complaint of relator and the cross-claim of respondent employer, Robertshaw Controls.

Accordingly, a writ of mandamus will be granted ordering respondent Industrial Commission to vacate its order of March 2, 1983, and to determine whether relator-claimant is entitled to temporary total disability compensation for the period from December 28, 1981 through November 21, 1982, predicated upon whether she was able to return to her former position of employment, and to specify in its order making such determination both the basis and reasons for the decision and the evidence relied upon.

*Writ granted.*

McCORMAC and MOYER, JJ., concur.