(No. 83AP-1131 — Decided August 6, 1984.)

*Mancino, Mancino & Mancino* and *Paul Mancino, Jr.,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, *Lee M. Smith* and *Mark E. Mastrangelo,* for respondent.

WHITESIDE, J. By this original action in mandamus, relator, Yolanda T. Christopher, seeks a writ requiring respondent Industrial Commission to award her "temporary partial compensation" for an industrial injury she sustained in the course of her employment.

Previously, relator's claim was allowed for a sprain and strain of her lumbosacral spine, and she was awarded temporary total compensation to the maximum extent permitted by law. In addition, she was awarded compensation for a permanent partial disability of forty percent, with respect to which she elected to be compensated pursuant to R.C. 4123.57(B), rather than R.C.

4123.57(A). Thereafter, a claim for permanent total disability compensation was denied, as to which no issue is raised herein.

The present matter arises from the denial of a motion relator filed stating:

"Claimant moves that she be paid temporary partial disability in the above claim. Pursuant to examination in the file, especially the examination of Dr. Moses Leeb who indicates there is a 40% partial disability in this case. Claimant therefore moves that she be paid partial disability from the last period of disability allowed in this case."

The district hearing officer denied this claim stating: "Claimant's motion for temporary partial is denied as claimant has previously elected and received compensation under [R.C.] 4123.57(B)." This order was affirmed on further administrative appeal.

The requested writ must be denied. Relator has sought neither a change of election pursuant to R.C. 4123.57(A), nor a determination of an increase in the percentage of her permanent partial disability.

Although compensation pursuant to R.C. 4123.57(A) is sometimes referred to loosely as "temporary partial disability compensation," this is a misnomer since it is the compensation which is temporary, rather than the disability. R.C. 4123.57(A) provides that compensation under either R.C. 4123.57(A) or (B) may be made only after the filing of an application "for the determination of the percentage of his permanent partial disability resulting from the injury or occupational disease." R.C. 4123.57(A) further provides: "After hearing and determination, the employee shall file his election to receive compensation for partial disability under either division (A) or (B) of this section * * *." R.C. 4123.57(B) provides that, following such

an application, respondent "shall determine the percentage of the employee's permanent disability * * * based upon that condition of the employee resulting from the injury * * * and causing permanent impairment * * *."

Relator made such an application, and her percentage of permanent partial disability was determined to be forty percent, following which she elected to receive compensation for such disability pursuant to R.C. 4123.57(B), rather than R.C. 4123.57(A). There is no provision for payment of temporary partial disability compensation in lieu of temporary total disability compensation pursuant to R.C. 4123.56, which expressly provides that: "In the case of temporary disability, an employee shall receive sixty-six and two-thirds per cent of his average weekly wage so long as such disability is total * * *." This is the only statutory provision for the payment of compensation for temporary disability. See *State, ex rel. McDaniel,* v. *Indus. Comm.* (1984), 15 Ohio App. 3d 55.

The temporary nature of the compensation stems from that provision of R.C. 4123.57(A) providing that compensation thereunder for partial disability shall consist of the employee receiving each week "sixty-six and two-thirds per cent of the impairment of his earning capacity which results from the injury * * * during the continuance thereof * * *." Such compensation is not payable until there is the requisite determination of the percentage of the employee's permanent partial disability resulting from the injury and an election is made to receive compensation for impairment of earning capacity pursuant to R.C. 4123.57(A), rather than for permanent impairment pursuant to R.C. 4123.57(B). Since relator elected to receive her compensation pursuant to R.C. 4123.57(B), she has no clear legal right to compensation pursuant to R.C. 4123.57(A), no application for change of election having been made.

For the foregoing reasons, the requested writ of mandamus is denied.

*Writ denied.*

McCORMAC, P.J., and NORRIS, J., concur.