THE STATE, EX REL. JEFFREY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Jeffrey, *v.* Indus. Comm. (1986), 26 Ohio St. 3d 3.]

(No. 85-1157—Decided August 13, 1986.)

4

*Calhoun, Benzin, Kademenos & Heichel* and *Victor P. Kademenos,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Richard C. Slavin,* for appellee.

*Per Curiam.* Appellant posits that the Industrial Commission's order terminating his temporary total disability compensation was an abuse of discretion. Appellant offers several arguments in support of his position, but we find that only one of these arguments need be addressed in the disposition of this appeal.

Appellant contends that the commission's order is confusing, contradictory and not supported by the evidence. Specifically, appellant notes that although the order *grants* his appeal and *denies* Crestline's appeal (of the award of temporary partial disability benefits), it also *affirms* the decision of the regional board of review which effectively terminated appellant's temporary total disability benefits and awarded temporary partial benefits. Appellant asserts that the foregoing inconsistencies in the commission's order, combined with a lack of evidence in support of an award of temporary partial disability benefits, evinces a lack of compliance with the requirement that the commission "specifically state which evidence and only that evidence which has been relied upon to reach * * * [its] conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested." *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 483-484. This argument has merit.

First, the commission's order *is* internally inconsistent and contradictory. By granting appellant's appeal, one would assume that the commission was ruling in his favor and reinstating his temporary total disability benefits. In affirming the regional board of review, however, the commission merely maintained the status quo and provided no relief to appellant.

Second, it is impossible to resolve the foregoing inconsistency by reference either to the "evidence" relied upon by the commission or to the commission's non-existent "explanation" of its conclusion. The evidence cited by the commission consists solely of the medical reports of Drs. Fallon and Friedman. While Dr. Fallon's report states that it is his "feeling" that appellant "is not under temporary total impairment" and "could return to his former job activities," the report also states that appellant has a "permanent partial impairment" of twenty percent.[1] Dr. Friedman's report, on the other hand, reaches the conclusion that appellant is "temporarily and totally disabled."[2] Neither of these reports provides a factual basis for the award of temporary partial disability benefits at twenty-five percent.

In *Mitchell, supra,* this court emphasized that the commission *must* succinctly set forth a basis for its decision, so that (1) the parties have some notice as to the reasons for the approval or denial of compensation, and (2) the courts do not have to search the record for "some evidence" in support of the commission's determination and *assume* that the commission, in fact, relied upon that evidence in reaching its decision.

The commission's order in the instant case falls short of the standard discussed in *Mitchell*. The contradictory nature of the order itself raises a question as to whether the commission, by granting appellant's appeal, actually intended to award temporary total disability benefits to the appellant, or whether the commission, in fact, intended to adopt the regional board of review's decision to award only temporary partial disability benefits. The commission offers *no* explanation that might assist the court in resolving the order's inconsistencies, nor does the evidence cited by the commission support an award of temporary partial disability benefits. Although the report of Dr. Fallon might support an order that denies reinstatement of the appellant's temporary total benefits, the report of Dr. Friedman appears to support *only* an order that awards those benefits. Additionally, neither report even indirectly discusses temporary partial impairment or disability; and Dr. Fallon's finding of a permanent partial impairment of twenty percent has no correlation to an award of temporary partial benefits at twenty-five percent, which appears to have been "pulled from thin air."

Based on the foregoing, we grant a limited writ of mandamus and direct the commission to vacate its order of August 2, 1984 and issue a new order that clearly decides the parties' respective appeals, states which evidence has been relied upon, and succinctly explains the basis of its order.

---

[1] The twenty percent figure was actually based in part on an earlier 1981 injury suffered by appellant with a different employer, for which a claim was allowed. The instant 1982 injury constituted only five percent of the twenty percent impairment, according to Dr. Fallon.

[2] Dr. Friedman's report also considered the earlier 1981 injury suffered by appellant.

Accordingly, the judgment of the court of appeals is reversed and a limited writ of mandamus is allowed.

*Judgment reversed*
*and limited writ allowed.*

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

LOCHER, HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. I must dissent from the majority's opinion because I do not feel that the Industrial Commission's order was an abuse of discretion. Granting a writ of mandamus is clearly inappropriate where the record contains some evidence in support of the commission's findings. *State, ex rel. G F Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446, 447 [20 O.O.3d 379], citing *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77 [14 O.O.3d 275]; *State, ex rel. Davis,* v. *Indus. Comm.* (1979), 60 Ohio St. 2d 160 [14 O.O.3d 402]; *State, ex rel. Republic Steel,* v. *Indus. Comm.* (1980), 61 Ohio St. 2d 193 [15 O.O.3d 216]; *State, ex rel. Dodson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 408 [16 O.O.3d 439].

The commission ordered affirmance of the regional board of review's order to allow temporary partial compensation at twenty-five percent. It based such order on the reports of Drs. Fallon and Friedman. This court has consistently held that a simple recitation of which reports the commission has relied on is sufficient to satisfy the rule of *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, that commission orders must state which evidence the commission relied upon in reaching its conclusion. See *State, ex rel. Hutt,* v. *Frick-Gallagher Mfg. Co.* (1984), 11 Ohio St. 3d 184, 185 (the commission's mentioning of medical reports of four doctors meets the *Mitchell* requirement); *State, ex rel. Burdette,* v. *Dayton Walther Corp.* (1984), 14 Ohio St. 3d 29 (commission's statement that its order was " 'based on the reports of Drs. Chinn and Graham, evidence in the file and evidence adduced at the hearing' " [*id.* at 29-30] did articulate the evidence relied on by the commission).

It is clear that the medical reports of Drs. Friedman and Fallon provide some evidence in support of the commission's decisions. Dr. Friedman's initial opinion that appellant was temporarily totally disabled, in a report dated October 17, 1983, addressed only prior injuries appellant had received while working for a former employer. In that claim, No. 81-5991, appellant had been allowed an award of five percent permanent partial disability (September 27, 1982). Upon reconsideration (decision of November 17, 1982) a ten percent permanent partial disability for injuries to upper and lower back was awarded; and, by additional order dated

March 30, 1983, the claim was allowed for right shoulder strain and tear of tendon cuff. Although these allowances have never been appealed, the hearing officer's order dated July 13, 1983, under the claim related to the more recent injury, No. 82-17094, ordered appellant to undergo a COLSP exam under both claim numbers and then to reset both files for hearing. This state of the record makes it unclear which injuries are at issue and, thus, which medical reports are relevant to the case *sub judice*. However, this October 17, 1983 report declaring appellant to be temporarily and totally disabled, upon which the majority relies to conclude that the evidence does not support the commission's findings, dealt *only* with the first claim, No. 81-5991, and clearly is not relevant to the instant appeal of claim No. 82-17094.

In a later report, dated December 6, 1983, Dr. Friedman does address both the prior and more recent injuries. There, not only does he opine that the prior injury (that he once believed to be a temporary total disability) now amounts to only a permanent partial impairment of twenty percent, but he also believes that the later injury, which may include some of the prior back injury, resulted in permanent partial impairment of twenty-five percent.[3] An even later report by Dr. Friedman implies appellant could return to work.[4] These reports, even without Dr. Fallon's opinion, based on a September 1983 examination, that appellant was "not under temporary total impairment," but only a twenty percent permanent partial impairment,[5] surely provide some evidence supporting the commission's finding that appellant has a partial disability of twenty-five percent. It is important to note that the mere use of the medical term "impairment" does not limit the value of his opinion as to "disability," *i.e.,* that appellant

---

[3] Dr. Friedman's report, dated December 6, 1983, concerns claim No. 81-5991, not here at issue, and No. 82-17094, with their respective dates of injury of January 27, 1981 (Eagle Crusher Co.) and July 22, 1982 (Crestline Auto Wrecking Co.). It opines the following:

"Based on lower back injury, I would place his permanent partial impairment of at least 25% and of the right shoulder strain and right shoulder tendon cuff tear I would place his permanent partial impairment of 20%."

[4] Dr. Friedman's letter dated April 12, 1984 states that:

"I still feel the need for a CAT scan and a myelogram by a competent neurosurgeon or orthopedic surgeon to rule out the possibility of a herniated disc would be indicated first before he could return to his regular duty which requires heavy lifting."

[5] Dr. Fallon's report dated September 9, 1983 provides that:

"From the standpoint of allocation of the impairments it would be my feeling that due to the impairment which occurred in 1981 — claim number 81-5991 that he would have a 15% permanent partial impairment. The LS strain which was super-imposed on a prior low back injury in the second claim or claim no[.] 82-17094 would result in an impairment of some 5% additionally."

Such expert conclusions provide not only notice of the commission's reasons for denial of total disability but also establish the physician's awareness of the two claims and injuries related to each. It is for the commission to determine the credibility and the weight to be given to submitted, relevant evidence. *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 169 [22 O.O.3d 400].

"could return to his former job activities." See *Meeks* v. *Ohio Brass Co.* (1984), 10 Ohio St. 3d 147, 148-149; and *State, ex rel. Dallas,* v. *Indus. Comm.* (1984), 11 Ohio St. 3d 193. Both Drs. Friedman and Fallon were of the opinion that appellant could return to his former employment.

While the medical reports conflict as to the extent of appellant's disability, the commission's resolution of such factual matters is subject to reversal by mandamus action only upon a showing of abuse of discretion. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16 [58 O.O.2d 70]. Nothing in the commission's order allowing the twenty-five percent disability even approaches an abuse of discretion.[6] The majority's conclusion to the contrary is merely a substitution of its own judgment for that of the commission, prohibited by this court's ruling in *State, ex rel. Marshall,* v. *Keller* (1968), 15 Ohio St. 2d 203, 205 [44 O.O.2d 184]. Its additional argument that the commission's order is internally inconsistent is equally unpersuasive. Allowance of an appeal is not axiomatic to ruling in favor of appellant, as an appellant has no right to judgment merely because his appeal is allowed.

Accordingly, I would affirm the judgment of the court of appeals and deny the writ requested.

LOCHER and WRIGHT, JJ., concur in the foregoing dissenting opinion.

---

[6] It may be an abuse of discretion for the commission to order "temporary partial" disability benefits as R.C. 4123.56 provides for temporary disability compensation only when such disability is total, *State, ex rel. McDaniel,* v. *Indus. Comm.* (1984), 15 Ohio App. 3d 55, and R.C. 4123.57 seems to provide for partial disability only when such is permanent. See *State, ex rel. Brown,* v. *Indus. Comm.* (1981), 3 Ohio App. 3d 273. However, this issue is not addressed by the majority and it is sufficient for purposes of this dissent to note that this court upheld an award of temporary partial disability benefits in *State, ex rel. Petros,* v. *Connor* (1984), 12 Ohio St. 3d 176, 178. See, also, the commission's Medical Examination Manual of October 5, 1981, at *vi.*