THE STATE, EX REL. FIRESTONE TIRE & RUBBER COMPANY, APPELLEE AND CROSS-APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO; CALDWELL, APPELLANT AND CROSS-APPELLEE.

[Cite as State, ex rel. Firestone Tire & Rubber Co., *v.* Indus. Comm. (1990), 49 Ohio St. 3d 283.]

(No. 88-1872—Submitted January 23, 1990—Decided March 14, 1990.)

*Dennis C. Belli* and *David P. Rieser,* for appellee and cross-appellant.

*Michael J. Muldoon,* for appellant and cross-appellee.

*Per Curiam.* A claimant who is capable of sustained remunerative employment is not permanently and totally disabled. *State, ex rel. Jennings,* v. *Indus. Comm.* (1983), 1 Ohio St. 3d 101, 1 OBR 135, 438 N.E. 2d 420. Firestone's argument is contingent upon that finding: If claimant did not engage in sustained remunerative employment, then no viable basis for opposing continued permanent total disability compensation exists.[1] This critical finding, however, is presently unreviewable since the commission's order does not identify the evidence upon which it relied on as required by *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721.

Firestone asserts that evidentiary review and identification are unnecessary since the parties "agree" that "some evidence" of sustained remunerative employment exists. This latter claim is based on claimant's failure to appeal the commission's order, which Firestone maintains is tantamount to an admission that "some evidence" is present. We are unpersuaded.

The alleged agreement between the parties does not bar us from performing our review. Merely because the parties agree that "some evidence" exists does not make it so. In *State, ex rel. O.M. Scott & Sons Co.,* v. *Indus. Comm.* (1986), 28 Ohio St. 3d 341, 28 OBR 406, 503 N.E. 2d 1032, the parties' "agreement" that mandamus was the proper vehicle for relief did not preclude us from holding otherwise.

In the present case we cannot reach the merits of Firestone's abuse-of-discretion allegation without first finding "some evidence" of sustained remunerative employment. Being unable to do so, we remand this cause to the commission in accord with the appellate court's decision, including compliance with *Mitchell, supra.*

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

[1] In his appeal herein, claimant challenges the vacation of his right to continue to receive permanent total disability compensation after August 14, 1985. Claimant's argument also hinges, in part, upon the commission's finding.