THE STATE, EX REL. KMI CONTINENTAL, INC., D.B.A. CONTINENTAL CAN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State, ex rel. KMI Continental, Inc., v. Indus. Comm.* (1991), 61 Ohio St.3d 443.]

(No. 90–112—Submitted May 6, 1991—Decided August 14, 1991.)

---

1. Relator's Brief in Support of Motion to Continue Ruling on Respondent's Motion for Summary Judgment, at page 2.

444

*Dennis C. Belli* and *David P. Rieser,* for appellant.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Scott A. Armour,* for appellee Industrial Commission.

*Larrimer & Larrimer, Craig Aalyson* and *David Swanson,* for appellee Shaw.

*Per Curiam.* *State, ex rel. Mitchell, v. Robbins & Myers, Inc., supra,* directed the commission and its subordinates to "specifically state which evidence and only that evidence which has been relied upon to reach their conclusion * * *. * * * [T]his court will no longer search the commission's file for 'some evidence' to support an order of the commission not otherwise specified as a basis for its decision." *Id.,* 6 Ohio St.3d at 483–484, 6 OBR at 534, 453 N.E.2d at 724.

Where the commission fails to comply, the court will, "when necessary, * * * grant a writ of mandamus directing the commission to specify the basis of its decision. * * * " *Id.,* 6 Ohio St.3d at 483, 6 OBR at 533, 453 N.E.2d at 724.

In the case at bar, the staff hearing officers' order noted the evidence relied on to terminate Shaw's temporary total disability compensation. However, neither that order, nor the orders that preceded it, cited the evidence relied on in *awarding* temporary total compensation from March 12, 1985 through September 17, 1986. As such, *Mitchell* has not been satisfied.

Accordingly, the judgment of the court of appeals, issuing a limited writ and returning the cause to the commission for identification of the evidence on which it relied, is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.