THE STATE, EX REL. ROADWAY EXPRESS, INC., APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State, ex rel. Roadway Express, Inc., v. Indus. Comm.* (1992), 63 Ohio St.3d 123.]

(No. 90–2057—Submitted December 3, 1991—Decided February 26, 1992.)

*Buckingham, Doolittle & Burroughs, Brett L. Miller* and *Eleanor J. Tschugunov,* for appellant.

*Lee I. Fisher,* Attorney General, *Dennis L. Hufstader* and *Michael L. Squillace,* for appellee Industrial Commission of Ohio.

*Colasurd & Colasurd* and *Christopher P. Colasurd,* for appellee William Chadbourne.

HERBERT R. BROWN, J.    This case requires us to review the Industrial Commission's order granting R.C. 4123.57(A) compensation to Chadbourne. For the reasons which follow we grant a limited writ of mandamus and return the matter to the Industrial Commission.

The district hearing officer's order, confirmed in its entirety by the regional board of review and staff hearing officers of the Industrial Commission, states in relevant part:

"The Hearing Officer finds from proof on file that pursuant to the award for permanent partial disability, as approved by the Industrial Commission,

the claimant has elected to accept said award under Section 4123.57(A) of O.R.C., based on impairment in earning capacity.

"It is ordered, therefore, that temporary partial disability compensation at 10% be paid in accordance with Industrial Commission Ohio and Bureau of Workers['] Compensation rules and regulations and to continue so long as the impairment exists, upon submission of wage statements.

"The Self–Insured Employer is hereby ordered to comply with the findings herein."

Roadway argues that the commission abused its discretion in awarding Chadbourne impaired earning capacity ("IEC") compensation under R.C. 4123.57(A) because the commission failed to specify the evidence upon which it relied. We agree.

An Industrial Commission order granting or denying benefits to a claimant must specifically state the evidence upon which it relied and briefly explain the reasoning for its decision. *State, ex rel. Noll, v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245; *State, ex rel. Mitchell, v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 483–484, 6 OBR 531, 534, 453 N.E.2d 721, 724. The commission's order fails to state *any* evidence upon which it relied in awarding Chadbourne R.C. 4123.57(A) compensation. Although the record may contain some evidence from which the commission could have determined that Chadbourne was entitled to R.C. 4123.57(A) compensation, our review is limited to the evidence upon which the commission specifically relied. We have consistently refused to search the record for some evidence to support the commission's decision and have returned similar cases to the commission for an amended order as required by *Mitchell, supra. Noll, supra; State, ex rel. KMI Continental, Inc., v. Indus. Comm.* (1991), 61 Ohio St.3d 443, 444–445, 575 N.E.2d 192, 193; *State, ex rel. B.O.C. Group, General Motors Corp., v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 202–203, 569 N.E.2d 496, 499; *State, ex rel. General American Transp. Corp., v. Indus. Comm.* (1990), 49 Ohio St.3d 91, 92–93, 551 N.E.2d 155, 157; *State, ex rel. Firestone Tire & Rubber Co., v. Indus. Comm.* (1990), 49 Ohio St.3d 283, 284, 551 N.E.2d 979, 980–981; *State, ex rel. Frigidaire Division, General Motors Corp., v. Indus. Comm.* (1988), 35 Ohio St.3d 105, 106–108, 518 N.E.2d 1194, 1196–1197; *State, ex rel. Stephenson, v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 173, 31 OBR 369, 374–375, 509 N.E.2d 946, 951; *State, ex rel. Jeffrey, v. Indus. Comm.* (1986), 26 Ohio St.3d 3, 5, 26 OBR 2, 4, 496 N.E.2d 919, 921.

Because the commission's order failed to specify the basis of its decision as required by *Mitchell,* it is unclear whether the award of R.C. 4123.57(A) compensation comports with the requirements of *State, ex rel. Johnson, v.*

*Indus. Comm.* (1988), 40 Ohio St.3d 384, 387, 533 N.E.2d 775, 778.[1] Under *Johnson* the determination of impaired earning capacity entails two steps—an initial hearing to determine partial disability and a second hearing to assess actual impaired earning capacity. *Id.* In the second hearing, the claimant bears the burden of showing an *actual* impaired earning capacity that is causally related to his industrial injury. *State, ex rel. Apgar, v. Indus. Comm.* (1989), 42 Ohio St.3d 5, 7, 535 N.E.2d 1364, 1365. Nothing in the commission's order indicates that Chadbourne met this burden.[2]

Furthermore the commission's order makes no reference to Chadbourne's age, education, work history, or any other relevant factors in the record. The commission must consider these factors, set forth in *Stephenson, supra,* when determining the degree of impaired earning capacity under R.C. 4123.-57(A). *State, ex rel., Arias, v. Indus. Comm.* (1990), 49 Ohio St.3d 76, 80, 551 N.E.2d 135, 139; *State, ex rel. Bouchonville, v. Indus. Comm.* (1988), 36 Ohio St.3d 50, 52, 521 N.E.2d 773, 775.

Accordingly we reverse the judgment of the court of appeals and grant a limited writ ordering the commission to vacate its order and to proceed in accordance with this opinion.

*Judgment reversed and limited writ allowed.*

MOYER, C.J., HOLMES and WRIGHT, JJ., concur.

SWEENEY, DOUGLAS and RESNICK,, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. I would affirm the well-reasoned decision of Judges Bryant, Whiteside and McCormac of the Tenth District Court of Appeals.

In part, the court of appeals said: "We agree with the referee's findings of fact and conclusions of law, and find that the referee is technically correct in suggesting a limited writ in this case. However, the evidence the referee cites makes very clear why the commission determined this matter as it did. To grant a limited writ under *Mitchell* and *Stephenson* would simply burden

---

1. The commission's order pre-dated *Johnson* and the decision to grant Chadbourne IEC compensation under R.C. 4123.57(A) may have been based on the commission's prior practice of automatically awarding IEC compensation whenever a claimant (who had been determined partially disabled) requested it.

2. Although the order refers to the submission of wage statements, evidence of actual earnings by itself (whether increased or decreased) is not determinative of the issue. *State, ex rel. Arias, v. Indus. Comm.* (1990), 49 Ohio St.3d 76, 79, 551 N.E.2d 135, 138; *State, ex rel. Bouchonville, v. Indus. Comm.* (1988), 36 Ohio St.3d 50, 51, 521 N.E.2d 773, 774.

the Industrial Commission by requiring it to state what is readily ascertainable on review."

There is clearly "some evidence" to support the commission's determination. In fact, there is more than just *some* evidence. Dr. William Kraus's report, based upon his August 8, 1985 examination, concludes that appellee will never be able to return to his prior job as a dockman, although appellee might be able to engage in light work with restrictions on bending, lifting, standing and walking. Further, in a report provided to the commission, Dr. Timothy Fallon found that appellee would have some difficulty in working as a dock worker.

While this evidence was used by the commission in denying appellee permanent total disability compensation, it is clearly relevant to the issue of impairment of earning capacity under former R.C. 4123.57(A). While admittedly the duty remains with the commission to set forth, with some specificity, the evidence relied upon in reaching its determination, it is not, in this case, any laborious task to glean from the record that the evidence is there to support the commission's determination.

This is *not* a *State, ex rel. Noll, v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, case. When there is some evidence to support the commission's finding in awarding benefits, the additional factors of age, education, etc. need not be considered. All such a consideration would render is *further* evidence supporting the commission's decision to award benefits.

Since I would affirm the judgment of the court of appeals in all respects, I must respectfully dissent.

SWEENEY and RESNICK, JJ., concur in the foregoing dissenting opinion.