GREEN, Appellee,

v.

B.F. GOODRICH COMPANY, Appellant, et al.

[Cite as *Green v. B.F. Goodrich Co.* (1993), 85 Ohio App.3d 223.]

Court of Appeals of Ohio,
Summit County.

No. 15663.

Decided Jan. 27, 1993.

*John Barrett,* for appellee.

*Julie M. Larson,* for appellant.

*Lee Fisher,* Attorney General, and *Margaret Dodane Everett,* Assistant Attorney General, for Industrial Commission, Bureau of Workers' Compensation.

---

REECE, Judge.

On May 22, 1980, appellee, Bruce A. Green, was injured while acting within the course of his employment with the appellant, B.F. Goodrich Company. Green's claim for workers' compensation was allowed for the condition of a strained right hamstring. On August 12, 1988, Green moved the Industrial Commission of Ohio to recognize his psychological condition of depression as compensable under his original claim. After a formal hearing, Green's motion was denied by a district hearing officer as untimely filed pursuant to R.C. 4123.84. The denial of his amended claim was affirmed both by the regional board of review and the Industrial Commission.

On August 2, 1990, under the provision of R.C. 4123.519, Green appealed the decision of the Industrial Commission to the Summit County Court of Common Pleas. Thereafter, Goodrich moved for summary judgment, which the court denied on August 16, 1991. In his response to the motion for summary judgment, Green alleged that prior to 1988 Goodrich paid for his psychological treatment. Green claimed that because Goodrich is a self-insurer under the Workers' Compensation Act, these payments tolled the statute of limitations pursuant to R.C. 4123.84(A)(3)(b). On March 6, 1992, the court, finding that the Industrial Commission had failed to consider the application of this tolling provision, remanded the case for further proceedings.

Goodrich appeals from this order, raising two assignments of error.

## Assignment of Error I

"The trial court abused its discretion by remanding the case to the Industrial Commission of Ohio without fully adjudicating the issues presented."

Although R.C. 4123.519 allows an "appeal," courts have repeatedly held that the proceedings are in the nature of a trial *de novo*. *Gradwell v. A.S. Helbig Constr. Co.* (1989), 62 Ohio App.3d 197, 199, 574 N.E.2d 1173, 1174, citing *State ex rel. Burnett v. Indus. Comm.* (1983), 6 Ohio St.3d 266, 268, 6 OBR 332, 333, 452 N.E.2d 1341, 1342. In appealing a decision of the Industrial Commission the substantive role of the court is set forth in R.C. 4123.519(C), which provides in part:

"The court, or the jury under the instruction of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action."

The only issue before the court of common pleas is whether the claimant has a right "to participate or to continue to participate in the State Insurance Fund." *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus. In making this determination the trier of fact, whether it be the court or a jury, is limited to considering "the evidence adduced at the hearing of the action." See, generally, *Oswald v. Connor* (1985), 16 Ohio St.3d 38, 16 OBR 520, 476 N.E.2d 658. More important, we find the duty imposed upon the court by R.C. 4123.519(C) is mandatory. By use of the word "shall" the court is given no discretion to remand the case to the Industrial Commission for further proceedings, but must determine the claimant's right to participate in the fund.

Unlike other administrative appeals, this statute does not use such words as "review, affirm, modify, or reverse." Compare R.C. 2501.02 and 119.12. *Marcum v. Barry* (1991), 76 Ohio App.3d 536, 539, 602 N.E.2d 419, 422. In all these respects an appeal under R.C. 4123.519 is not an error proceeding but a trial *de novo* as to both questions of law and fact.

In support of its decision remanding this case to the Industrial Commission, the trial court cited three cases. On review we find each to be inapposite to the circumstances of this case.

In *Birmingham v. Eaton Corp.* (Apr. 3, 1991), Summit App. No. 14768, unreported, 1991 WL 47587, we affirmed the common pleas court's dismissal of an R.C. 4123.519 appeal. In that case the employer appealed the decision of the Industrial Commission returning the cause to the district hearing officer to reconsider allowance of the employee's claim. Unlike the present case, the Industrial Commission made no decision either granting or denying the employee's claim. Therefore, there was no final determination of the claimant's right to participate giving rise to an appeal under R.C. 4123.519.

In *State ex rel. Roadway Express, Inc. v. Indus. Comm.* (1992), 63 Ohio St.3d 123, 585 N.E.2d 415, the employer sought a writ of mandamus to compel the Industrial Commission to specify the evidence upon which it based its decision in allowing the employee's claim. The Supreme Court in remanding the case held that the commission is under a mandatory duty to "state the evidence upon which it relied and briefly explain the reasoning for its decision." *Id.* at 125, 585 N.E.2d at 416. The present case involves neither an action in mandamus nor allegations that the Industrial Commission breached a duty imposed by law.

Finally, the trial court cited *Borbely v. Prestole Everlock, Inc.* (1991), 57 Ohio St.3d 67, 565 N.E.2d 575. While the Supreme Court did remand this case to the Industrial Commission, it did so only after announcing a new rule of law. *Id.* at syllabus. At no place in that opinion did the court address the application of R.C. 4123.519 and the role of the common pleas court in an appeal from the Industrial Commission. We do not find *Borbely* to be authority for the position taken by the trial court. See *Marcum, supra,* 76 Ohio App.3d at 537, 602 N.E.2d at 420.

Based on the foregoing analysis we find that the common pleas court erred in remanding the case to the Industrial Commission. Accordingly, Goodrich's first assignment of error is sustained.

## Assignment of Error II

"The trial court abused its discretion by denying appellant's motion for summary judgment."

A motion of summary judgment is properly granted only when there is no dispute as to any material fact and, the facts being construed most favorably for the nonmoving party, that party cannot prevail as a matter of law. *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 88, 585 N.E.2d 384, 389; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273; Civ.R. 56(C). When a party moves for summary judgment, the responding party must set forth "specific facts showing that there is a genuine issue for trial." Reliance merely upon the pleadings is insufficient when the motion states facts negating an essential element for which the respondent carries the burden of proof. Civ.R. 56(E); see *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 274.

In deciding whether there exists a genuine issue for trial, courts are limited by Civ.R. 56(C) to reviewing:

" * * * the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact * * *. No evidence or stipulation may be considered except as stated in this rule."

Relying on these provisions of Civ.R. 56(C), Goodrich argues that the court improperly considered evidence submitted by Green in denying its motion for summary judgment. Specifically, Goodrich claims that two letters, allegedly written by representatives of Goodrich, which discuss payment for Green's psychological treatment, were not properly authenticated.

In reviewing the record we agree that Green failed to properly authenticate these exhibits. Documents submitted in opposition to a motion for summary judgment which are not sworn, certified, or authenticated by affidavit have no evidentiary value and may not be considered by the court in deciding whether a genuine issue of material fact remains for trial. *Citizens Ins. Co. v. Burkes* (1978), 56 Ohio App.2d 88, 95–96, 10 O.O.3d 119, 123–124, 381 N.E.2d 963, 967–968. While reliance on evidentiary material beyond that set forth in Civ.R. 56(C) has been allowed, it is only when the opposing party has raised no objection. See, generally, *Tye v. Bd. of Edn. of Polaris Joint Vocational School Dist.* (1985), 29 Ohio App.3d 63, 29 OBR 73, 503 N.E.2d 183; *Brown v. Ohio Cas. Ins. Co.* (1978), 63 Ohio App.2d 87, 17 O.O.3d 267, 409 N.E.2d 253. In the present case Goodrich moved to strike both letters. Accordingly, the court erred in considering either of these letters in denying summary judgment.

However, even in the absence of these exhibits, the court could reasonably find from the other evidentiary materials submitted by the parties that a genuine factual issue remained for trial. In support of its motion, Goodrich relied upon the following portion of Green's deposition:

"Q. [by counsel for Goodrich] What was the first time you ever actually got treatment from any doctor or psychologist or anyone for depression?"

"A. [by Green] In the State of Washington, I can't remember the year, from a Clark Jones. Dr. Curran had wrote [sic] or called B.F. Goodrich and got the okay for ten visits to a psychiatrist."

From this testimony the court could reasonably conclude that Goodrich paid for some portion of Green's psychological treatment. Whether such payments in fact occurred and whether they constitute a recognition of Green's claim by Goodrich pursuant to R.C. 4123.84(A)(3)(b) remain factual issues to be determined at trial.

Accordingly Goodrich's second assignment of error is overruled.

Based upon our holding in the first assignment of error, the judgment of the Summit County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and COOK, J., concur.