[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Robert J. Levorchick appeals from a judgment of the Miami County Court of Common Pleas, which granted summary judgment in favor of the Tabernacle of the Lord Jesus Christ Church ("the church") and Shannon DeHart, its minister.
The facts and procedural history are as follows.
Levorchick filed a complaint against DeHart and the church in December 1993 alleging defamation, clergy malpractice, and negligent and intentional infliction of emotional distress. The trial court dismissed the complaint without prejudice on December 12, 1994, after Levorchick and his attorney failed to appear for a pretrial conference.
Levorchick refiled his complaint, pro se, on December 6, 1995, alleging the same causes of action as he had stated in the first complaint. On May 29, 1996, the trial court dismissed the complaint with prejudice after Levorchick failed to appear for a deposition, citing "an intent by the Plaintiff to delay the case and inconvenience the Defendants." We reversed this judgment inLevorchick v. DeHart (April 25, 1997), Miami App. No. 96-CA-22, unreported, and remanded the matter for further proceedings.
The defendants filed a motion for summary judgment on July 18, 1997, arguing that Levorchick's defamation, clergy malpractice, and negligent infliction of emotional distress claims had not been filed within the time limits of the applicable statutes of limitations and that he had offered no factual basis for his intentional infliction of emotional distress claim. In support of the motion, the defendants filed Levorchick's depositions of August 10, 1994, and June 27, 1997, and his answers to two sets of interrogatories. In response, Levorchick filed a memorandum asserting, for the first time, that the actions upon which his complaint was based were "part of a single course of [tortious] conduct" which had continued to within one year of the filing of his complaint and constituted a "continuing trespass." Levorchick did not attach any documentary evidence in support of his assertions.
Levorchick's depositions and his answers to interrogatories established that he had been a member of the church from 1976 until 1990 and that DeHart had been the minister of the church during that period. Levorchick had attended the church with his wife and his three children. According to Levorchick, friction began to arise in his relationship with DeHart in 1981 because Levorchick would not submit to DeHart's control. Levorchick claimed that DeHart had humiliated him in front of members of the congregation by claiming that Levorchick was an evil non-believer and was damned to hell for not submitting to DeHart's teachings. Levorchick also claimed that DeHart had exercised undue control over his family life and over his wife in particular, instructing and encouraging her to divorce him. In 1990, DeHart allegedly publicly expelled Levorchick from the church. Levorchick asserted that he had suffered psychological and emotional problems as a result of DeHart's interference with his family life, criticism and ridicule. All of the conduct about which Levorchick complained in his depositions and answers to interrogatories happened from 1980 through September 1992.
Levorchick also contended that DeHart had played a role in the filing of criminal charges against him for child molestation, charges of which he was acquitted in 1991 after his sons recanted their testimony. According to Levorchick, DeHart had accused him of being a pedophile, causing his children to believe that they were unsafe in their father's presence. Levorchick acknowledged, however, that his children had been his accusers and that DeHart had not testified at his trial. Levorchick's deposition testimony and his answers to interogatories did not provide any specific facts linking DeHart to the criminal prosecution.
The trial court granted the defendants' motion for summary judgment, concluding that Levorchick's causes of action had not been filed within the time limits of the applicable statutes of limitations or had not been supported by any evidentiary materials supporting his factual allegations.
Levorchick asserts one assignment of error on appeal.
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN GRANTING DEFENDANTS' SUMMARY JUDGMENT BY ENDING DISCOVERY PREMATURELY AND BY FAILING TO CONSIDER FACTS OF RECORD AS TO WHICH I PERSONALLY VERIFIED, AND WHICH CREATED GENUINE ISSUES OF MATERIAL FACT.
Levorchick claims that the trial court erred in granting the defendants' motion for summary judgment because, in doing so, it failed to consider the "testimony" he had offered in his motion for leave to amend his complaint and in his response to the motion for summary judgment.
Summary judgment shall be granted if it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Civ.R. 56(C). The evidence must be construed most strongly in the non-moving party's favor. Id. "When a motion for summary judgment is made and supported as provided in [Civ.R. 56(C)], an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, citing Celotex Corp. v. Catrett (1986), 106 S.Ct. 2548.
In Levorchick's depositions and in his answers to interrogatories, he repeatedly indicated that DeHart's alleged defamatory statements were made from 1981 through September 1992. R.C. 2305.11(A) requires a complaint for defamation to be filed within one year of the statement's broadcast. The trial court properly concluded that Levorchick had failed to satisfy this requirement. Likewise, R.C. 2305.11(A) requires an action for clergy malpractice to be brought within one year. Levorchick testified that DeHart had counseled him from 1976 through 1990, and that he had stopped attending the church in 1990. The trial court concluded that DeHart had not "had any type of fiduciary duty to [Levorchick] * * * or engaged in any type of activity which would constitute clergy malpractice" after 1990, and this conclusion is supported by the record. Thus, the trial court properly found that Levorchick's claim for clergy malpractice was also barred by the statute of limitations.
Levorchick's claim for negligent infliction of emotional distress was governed by a two-year statute of limitations. R.C.2305.10; Lawyers Coop. Publishing Co. v. Muething (1992), 65 Ohio St.3d 273, paragraph two of the syllabus. Levorchick claimed that DeHart had caused the Levorchicks' marital difficulties and had failed to professionally counsel them about those difficulties. He stated that he had entered counseling in 1990 due to DeHart's "outrageous" behavior prior to that time. As such, the trial court properly concluded that Levorchick had not filed his complaint within the two-year limitations period.
Levorchick's claim for intentional infliction of emotional distress was based in part upon DeHart's humiliating public acts of screaming and yelling at him and kicking him from 1981 through 1990, and for banishing him from the church in 1990. These claims were barred by the two-year statute of limitations. Levorchick also alleged that DeHart had intentionally inflicted emotional distress upon him by instigating a criminal prosecution against Levorchick in December 1991 for the sexual abuse of his children. The trial court concluded that Levorchick had offered no evidentiary material in support of his claim that the prosecution was instigated by DeHart, and this conclusion is supported by the record. The defendants' motion for summary judgment emphasized that, by Levorchick's own admission, his children had been his accusers and DeHart had not testified against him at trial. The motion also pointed out that the indictment constituted a finding of probable cause and that a minister is required by R.C. 2151.421
to report suspected abuse. Other than his own bare assertions, the only evidence offered by Levorchick to substantiate DeHart's involvement in the prosecution was Levorchick's deposition testimony that his son had said that DeHart told the boy to "make sure that [Levorchick did not] sexually abuse [his] brothers." This testimony was inadmissible hearsay evidence and we will presume that the trial court properly disregarded it. See In reLannom (Dec. 12, 1997), Clark App. No. 96-CA-64, unreported, citing In re Vickers Children (1983), 14 Ohio App.3d 201, 206. Moreover, even if DeHart made the alleged statement, that fact would not, in itself, establish that DeHart had instigated Levorchick's prosecution. Thus, the trial court properly granted summary judgment on Levorchick's claim for intentional infliction of emotional distress.
Levorchick claims that the trial court should have considered the allegations contained in his motion for leave to amend his complaint, his proposed amended complaint, and his memorandum in response to the motion for summary judgment. This argument lacks merit for several reasons. First, Civ.R. 56(C) sets forth that the trial court may consider the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact in determining whether a genuine issue of material fact exists. The allegations upon which Levorchick relied were not set forth by affidavit or as otherwise required by Civ.R. 56(C) and (E), and no evidence may be considered except as stated in the rule. Civ.R. 56(C); Green v. B.F. Goodrich Co. (1993), 85 Ohio App.3d 223, 227. Second, although Levorchick attached a "Verification" statement to his proposed amended complaint and responsive memorandum, they were not properly sworn so as to be treated as affidavits. See R.C. 2319.04. As such, they had no evidentiary value and could not have been considered in deciding whether a genuine issue of material fact remained for trial. Green, supra, at 228. Third, because the trial court had not ruled on Levorchick's motion to file an amended complaint, the motion must be presumed to have been overruled and, thus, the proposed amended complaint was not properly before the court when the court granted summary judgment.TWP, Inc. v. Coach Motor Co. (May 1, 1997), Cuyahoga App. No. 71303, unreported. For these reasons, the allegations set forth in Levorchick's motion for leave to amend his complaint, his proposed amended complaint, and in his response to the motion for summary judgment were insufficient to create a genuine issue of material fact.
Levorchick also contends that the trial court erred in granting the defendants' motion for summary judgment because discovery had not been completed. Civ.R. 56(B) provides that a party against whom a claim is asserted may move for a summary judgment in the party's favor as to all or any part of the claim at any time. In the absence of a Civ.R. 56(F) motion to delay consideration of the motion for summary judgment, the trial court did not err in ruling on the motion before discovery was complete. See Taylor v. Franklin Blvd. Nursing Home, Inc. (1996), 112 Ohio App.3d 27,29-30.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
Robert Levorchick
James D. Utrecht
John E. Fulker
Hon. Robert J. Lindeman