OPINION
Defendant-Appellant, Ohio Bureau of Workers' Compensation ("Bureau"), is appealing a decision of the Montgomery County Court of Common Pleas granting a joint motion filed by Plaintiff-Appellee Deborah Williams and Defendant-Appellee General Motors, Truck and Bus Division ("GM"), to remand the case to the Ohio Industrial Commission ("OIC").
On July 15, 1995, Williams injured her right knee when she slipped and fell in the course of and arising out of her employment with GM. Williams filed an application for workers' compensation benefits on October 14, 1997, with the Bureau and GM. An OIC District Hearing Officer heard the issue on September 22, 1998, and determined that medical benefits and compensation should be paid to Williams.
GM appealed the OIC's decision, and a hearing was held on November 6, 1998. The OIC's Staff Hearing Officer disallowed the claim on the basis that it had not been timely filed. Williams appealed the decision to the full OIC, however the appeal was refused and the Staff Hearing Officer's decision was affirmed. Williams then filed her appeal of the administrative decision to the Montgomery County Court of Common Pleas on February 18, 1999.
GM filed a motion for summary judgment with the trial court on February 23, 1999, arguing that Williams' claim was untimely, thus the trial court was without jurisdiction and the case should be dismissed. The trial court denied the motion for summary judgment, finding that a genuine issue of material fact did exist as to whether Williams had been treated by a physician at GM, thus possibly tolling the applicable statute of limitations.
On July 7, 2000, Williams and GM filed a joint motion to remand the case to the OIC for a decision on the merits. The trial court granted the motion on July 12, 2000, and remanded the case to the OIC. On July 17, 2000, the Bureau filed its memorandum in opposition to the motion to remand. In its memorandum, the Bureau argued that the trial court had erred in remanding the case based upon the decision in McCoy v.Administrator, Bureau of Workers' Compensation (June 27, 1997), Greene App. No. 96-CA-143, unreported. In McCoy, this court held that the common pleas court has a mandatory duty to determine a claimant's right to participate in the workers' compensation fund once a party appeals the OIC's decision to the court of common pleas.
The Bureau filed a motion for relief from judgment pursuant to Civ.R. 60(B) on July 18, 2000, reiterating its arguments as contained in its memorandum in opposition to the motion for remand. Williams responded by distinguishing the McCoy case from the case at bar. The trial court overruled the Bureau's motion on August 14, 2000, finding that the trial court's decision regarding Williams' timeliness did not adjudicate the merits of the case, thus there was never a final judgment on the merits under Civ.R. 60(B). The trial court also found that because there was no final judgment by the OIC, the remand was proper.
The Bureau now appeals the trial court's decisions, asserting two assignments of error.
Preliminarily, we must address Williams' and GM's assertion that this court does not have jurisdiction over this case for lack of a final appealable order. Although we find no case law directly discussing the final appealability of this type of entry, there are several Ohio appellate cases which have reviewed trial court entries that have remanded cases to administrative bodies. See, Mad River Sportsman's Club Inc. v.Jefferson Twp. Bd. of Zoning Appeals (1993), 92 Ohio App.3d 273
(considering a trial court's entry that remanded the case to the board of zoning appeals for further determination); Williamson v. Twp. Trustees ofChester Twp. (1969), 18 Ohio App.2d 188, 47 Ohio Op.2d 303 (considering a trial court's entry that remanded the case to a zoning authority for further determination); McCoy v. Administrator, Bureau of Workers'Compensation (June 27, 1997), Greene App. No. 96-CA-143, unreported (considering a trial court's entry remanding a case to the OIC for further determination); In re Saltwell Nursing Home (April 27, 1989), Franklin App. No. 88AP-584, unreported (finding the appeal of the trial court's decision remanding the case to the Board of Health for consideration to be a final appealable order).
Moreover, under R.C. 2505.02(B)(1), a final order is one that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C.2505.02(A)(1). An order which affects a substantial right is one which, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63, modified on other grounds; Neary v. Board of Zoning Appeals (June 30, 1999), Montgomery App. No. 17428, unreported, citing State v. Chalender
(1994), 99 Ohio App.3d 4, 6-7. We find that the trial court's remand of the case to the OIC did affect the Bureau's substantial right to have the case be heard at the trial court level, thus the trial court's decision was a final appealable order.
We will address the Bureau's second assignment of error at this time, as we find it dispositive of the issues in this case.
 II.
R.C. 4123.512 prohibits the trial court from remanding this workers' compensation appeal to the Industrial Commission for consideration of additional evidence.
The Bureau contends that R.C. 4123.512, granting appellate jurisdiction to courts of common pleas for workers' compensation decisions from the OIC, requires a trial court to conduct a de novo review of the applicant's claims. The Bureau relies on the decision in McCoy v. Admr.Bureau of Workers' Compensation (June 27, 1997), Greene App. No. 96-CA-143, unreported, in which this court determined that once an applicant appeals a workers' compensation claim to the court of common pleas, a trial court may not remand the case to the OIC.
In response, Williams and GM argue that because the OIC did not consider the merits of Williams' claim during the administrative process, the administrative remedies had not been exhausted and the OIC should determine the merits of the case. They factually distinguishMcCoy from the instant case on the basis that McCoy dealt with the discovery of additional evidence after the OIC had decided the merits, and in this case the OIC had not even addressed the merits. According to Williams and GM, because the OIC did not adjudicate the merits of Williams' workers' compensation claim, the OIC should not be prevented from making the determination on the merits at this point.
The Bureau responded that the differences between this case and McCoy
are irrelevant for purposes of this appeal. As a result, once Williams appealed her claim to the court of common pleas, the trial court was prohibited from remanding the case to the OIC for further proceedings according to this court's ruling in McCoy.
R.C. 4123.512 grants jurisdiction to a court of common pleas to hear appeals from the decisions of the OIC. Specifically, R.C. 4123.512(D) discusses the role of the common pleas court:
 The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action.
In McCoy, supra, the Bureau and the OIC appealed from a common pleas court judgment remanding a case under R.C. 4123.512 (formerly R.C.4123.519) to the Bureau for consideration of new evidence. This court held that the language of R.C. 4123.512 prohibits a trial court from remanding a case back to the OIC, based upon the decisions of Green v.B.F. Goodrich Co. (1993), 85 Ohio App.3d 223 and Marcum v. Barry (1991),76 Ohio App.3d 536.
The Green court held that a trial court has no discretion to remand a case to the OIC. The court focused upon the word "shall" in the statute, finding that a trial court is prohibited from discretionarily remanding a case to the OIC for further proceedings, and instead, a trial court must determine a claimant's right to participate in the fund. Id.
at 226. Similarly, in Marcum, the Franklin County Court of Appeals held:
 There is a mandatory duty upon a court of common pleas to proceed to a final determination of the appealed issues, especially the right to participate in the Workers' Compensation Fund upon the law and the evidence adduced before that court. Such duty cannot be avoided by remand to the Industrial Commission.
 Id. at 540-541. In McCoy, this court adopted the reasoning of theGreen and Marcum courts, and held that "the continuing jurisdiction of the Industrial Commission applies only `until the actual institution of an appeal.'" Id., citing Prayner v. Industrial Commission (1965),2 Ohio St.2d 120, 31 Ohio Op.2d 192.
In this case, Williams appealed the decision of the OIC to the court of common pleas, pursuant to R.C. 4123.512. We find that the court of common pleas was required under R.C. 4123.512(D) to decide the case, and had no power to remand the case to the OIC. Furthermore, we do not agree with Williams' and GM's attempt to distinguish this case from McCoy on the basis that the trial court remanded the case to the OIC for a determination on the merits, while in McCoy, the case was remanded for a consideration of additional evidence after the merits had been adjudicated. We find the differences in the two cases to be irrelevant. Once this matter was appealed to the common pleas court, the OIC lost jurisdiction to hear any part of the case.
In light of the above discussion, we hereby sustain the Bureau's second assignment of error.
 I. The trial court erred by granting Appellees' motion to remand this caseto the Industrial Commission in violation of Civ.R. 6(D) and MontgomeryCounty Local Rule 2.05(II).
In this assignment of error, the Bureau argues that the trial court failed to give it adequate time to respond to Williams' and GM's motion to remand the case back to the OIC. The record reflects that the Bureau did respond to the motion for remand on July 17, 2000, and the Bureau did reiterate its assertions in its motion for relief from judgment filed the next day. Our decision in the Bureau's second assignment of error renders this issue moot, however we note that because the trial court addressed the Bureau's arguments in its decision overruling the Bureau's motion for relief from judgment, any resulting error would have been harmless.
Accordingly, the Bureau's first assignment of error is overruled.
Judgment reversed and remanded for the trial court to make a determination on the merits of Williams' workers' compensation claim.
BROGAN, J. and WOLFF, J., concur.