This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Cementech, Inc. ("Cementech"), appeals from a judgment of the Summit County Court of Common Pleas that granted summary judgment to appellee, the city of Fairlawn. This Court affirms.
 {¶ 2} Cementech filed this action against Fairlawn on February 1, 2002, alleging that Fairlawn had violated competitive bidding laws and its own policies when it accepted a street repair bid from Cioffi 
Sons Construction Company ("Cioffi") when Cioffi's bid did not strictly comply with the bid specifications set forth by Fairlawn. It is undisputed that Cioffi submitted the lowest bid, that its bid proposal did not strictly comply with Fairlawn's specific requirements, and that Cementech submitted the second lowest bid.
 {¶ 3} Despite the omissions and errors, Fairlawn accepted Cioffi's bid. It was Fairlawn's position that the errors in Cioffi's bid were merely technical and it had reserved the right to waive technical errors in the closed bidding process. Cementech maintained that Fairlawn was required to reject Cioffi's bid and to accept its bid instead. In addition to declaratory and injunctive relief, Cementech sought damages.
 {¶ 4} It is not disputed that the Cioffi bid failed to comply with Fairlawn's specifications in three respects: (1) it failed to include duplicates of two of the bid pages, but did include a complete original; (2) although a notary public apparently witnessed the contractor's signature on the affidavit of the contractor regarding the non-delinquency of personal property taxes, she did not sign the affidavit; and (3) the envelope in which the bid was submitted was not marked, word for word, as Fairlawn had specified. Cementech eventually withdrew its challenge to the third error, apparently because its own bid had a similar flaw.
 {¶ 5} Following a hearing before a magistrate, the magistrate concluded that a preliminary injunction and a temporary restraining order were not warranted in this case. The magistrate's decision was based on several findings and conclusions, including that Cementech did not have a likelihood of success on the merits of its claim because the defects in Cioffi's bid were merely technical and Fairlawn had the right to waive those defects. Cementech filed objections to the magistrate's decision, which were overruled by the trial court.
 {¶ 6} Fairlawn moved for summary judgment on all of Cementech's claims, contending that it had acted within its discretion by determining that the errors in the bid were technical and by waiving the errors and accepting the Cioffi bid as the lowest and best bid. Cementech responded in opposition to summary judgment, pointing to its own evidence, contending that the errors in the Cioffi bid were fatal errors and that Fairlawn had abused its discretion by waiving the errors and accepting the bid. The trial court granted summary judgment to Fairlawn. Cementech appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT, THE CITY OF FAIRLAWN, OHIO AND AGAINST THE PLAINTIFF, CEMENTECH."
 {¶ 8} Cementech contends that the trial court erred in granting summary judgment to Fairlawn because there were genuine issues of material fact. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 9} "(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589.
 {¶ 10} Doubts are to be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686. A party moving for summary judgment bears an initial burden of pointing to "some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280,293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response * * * must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v. Athens Cty. Clerk of Courts (1998), 83 Ohio St.3d 523, 524.
 {¶ 11} Under Ohio's competitive bidding statutes, municipalities are required to contract for material and labor expenditures of over $15,000 "with the lowest and best bidder after advertisement for not less than two nor more than four consecutive weeks in a newspaper of general circulation within the city." R.C. 735.05. The statute confers this authority upon a board of public officers and courts will only interfere when the board abuses its discretion. See Cedar Bay Constr. v. Freemont (1990), 50 Ohio St.3d 19, 21.
 {¶ 12} Fairlawn moved for summary judgment, contending that the defects in the Cioffi bid were merely technical, that it had reserved the right to waive such errors, and that it did not abuse its discretion by waiving the errors and accepting the Cioffi bid. It pointed to supporting evidence that included an affidavit of the mayor of Fairlawn.
 {¶ 13} Consequently, to defeat summary judgment, Cementech was required to point to evidence from which a reasonable mind could conclude that Fairlawn had abused its discretion in accepting the Cioffi bid. Cementech responded in opposition, asserting, among other things, that the defects in the Cioffi bid were not merely technical and, consequently, Fairlawn did not have the right to waive the errors and accept the bid. It attached evidence to support its position that one of the defects was a major defect that required rejection of the bid. Specifically, Cementech attached the copy of what appears to be an affidavit transmitted via facsimile (or a photocopy of a facsimile transmission) of the Deputy Director for the Ohio Department of Transportation, which indicated that one of the defects in the Cioffi bid, the lack of a notary signature, was a fatal error and not merely technical. The copy of the affidavit included additional facts that would have been helpful to Cementech's case.
 {¶ 14} Civ.R. 56(C) controls the materials that the court may consider when it determines whether summary judgment is appropriate. The rule directs the court to consider only "the pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). Although the rule provides for the submissions of an affidavit, it does not provide for submitting a copy of an affidavit. Although the rule does not specify that the "pleading[s], depositions, answers to interrogatories, written admissions, affidavits, [and] transcripts of evidence" must be originals rather than copies, that is implicit in the meanings of those terms. Webster's New World Dictionary (2 College Ed. 1984) 23 defines an "affidavit" as a "written statement made on oath before a notary public or other person authorized to administer oaths." The document submitted by Cementech is not a statement made on oath before a notary; at best, it purports to be a copy of statements made on oath. Moreover, Civ.R. 56(E) requires that all papers submitted along with an affidavit must be sworn or certified as being what they purport to be. Certainly the affidavit itself must also be an original or a sworn and certified copy.
 {¶ 15} Although the trial court was permitted to consider the copy of the affidavit because Fairlawn did not raise an objection to it, it was not required to do so. See Green v. B.F. Goodrich Co. (1993),85 Ohio App.3d 223, 228; Brown v. Vaniman (Oct. 20, 2000), 2d Dist. No. 18139. The trial court's judgment entry makes no mention of the copy of the affidavit, suggesting that the court did not consider it. Without the facts in that document, Cementech failed to point to any evidence that Fairlawn abused its discretion in accepting the Cioffi bid.
 {¶ 16} Cementech also asserted that Fairlawn had abused its discretion by accepting the Cioffi bid because no representative of the city had the authority to allow the bid to be altered after it was submitted. It pointed to no evidence to support that contention, however. Instead, it focused on the fact that Fairlawn had not presented any evidence that it had such authority. To defeat Fairlawn's motion for summary judgment, Cementech was required to point to evidence, not the mere allegations of its complaint. See Dresher, 75 Ohio St.3d at 293.
 {¶ 17} Because Cementech failed to demonstrate that a genuine issue of material fact remained to be litigated, the trial court did not err in granting summary judgment to Fairlawn. The assignment of error is overruled.
 {¶ 18} Judgment affirmed.
SLABY, P.J., BATCHELDER, J. CONCUR.