STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CITIBANK (SOUTH DAKOTA) N.A., | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11 MA 158 |
| | ) | |
| MAGGI A. McGEE AKA MAGGIE McGEE, | ) | OPINION |
| | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Civil Appeal from Mahoning County
                                Court #5 of Mahoning County, Ohio
                                Case No. 09CVF00417CNF

JUDGMENT:                       Affirmed

APPEARANCES:
For Plaintiff-Appellee          Attorney Bradley L. Triplett
                                1100 Superior Avenue, 19th Floor
                                Cleveland, Ohio 44114-2581

For Defendant-Appellant         Attorney Thomas N. Michaels
                                839 Southwestern Run
                                Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: November 14, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Maggi McGee, appeals from a Mahoning County Court #5 judgment granting summary judgment in favor of plaintiff-appellee, Citibank (South Dakota) N.A., and denying her motion to strike two exhibits that were attached to appellee's summary judgment motion.

{¶2} On September 14, 2009, appellee filed a complaint against appellant alleging that appellant defaulted on her credit card obligation and owed appellee $1,451.99 on account number xxxx-xxxx-xxxx-6265.

{¶3} Appellee filed a motion for summary judgment. In support of its claim that appellant failed to make payments and as evidence of the balance due, appellee attached three exhibits to its motion. Exhibit A appears to be a copy of a credit card application completed by appellant. Exhibit B is the affidavit of Shayna Seaman, whose responsibility it is to collect delinquent debt for appellee. (Seaman Aff. ¶2). Exhibit C appears to include copies of monthly statements sent to appellant concerning her credit card account from March 19, 2007, through June 16, 2010.

{¶4} Appellant filed a motion to strike Exhibits A and C. Appellant argued in her motion to strike that appellee failed to incorporate these documents by reference in a proper affidavit as required by Civ.R. 56(E).

{¶5} Appellant also filed a response to appellee's summary judgment motion arguing there was no evidence properly before the court to substantiate the credits and balances leading to the alleged balance due.

{¶6} The trial court held a hearing on appellant's motion to strike and appellee's motion for summary judgment. The court denied appellant's motion to strike. The court then found that no genuine issue of material fact existed and appellee was entitled to judgment as a matter of law. It granted summary judgment against appellant in the amount of $1,451.99, plus interest.

{¶7} Appellant filed a timely notice of appeal on August 23, 2011. On appellant's motion, the trial court granted a stay of execution of its judgment pending this appeal.

{¶8} Appellant's first assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT-APPELLANT'S MOTION TO STRIKE EXHIBITS A AND C FROM PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT (JUDGMENT ENTRY DATED AUGUST 10, 2011)[.]

**{¶9}** In this assignment of error, appellant argues that the trial court should have granted her motion to strike Exhibits A and C attached to appellee's motion for summary judgment. She asserts that neither exhibit is incorporated by reference in a properly framed affidavit in accordance with Civ.R. 56(E).

**{¶10}** Appellant points to several alleged deficiencies with Seaman's affidavit. First, she notes that the affidavit does not identify Seaman's job title or place of employment. Second, appellant observes that while Seaman references a lawsuit, Seaman could not be referring to the instant suit because it was not filed until after the date on which the affidavit was sworn. Third, appellant notes that Seaman references an Exhibit A, which is supposedly a hard copy print out of financial information concerning McGee's account. However, there is no Exhibit A attached to Seaman's affidavit. And Exhibit A that is attached to appellee's motion for summary judgment is a copy of a credit card application. Fourth, appellant points out that Seaman does not reference Exhibit C in her affidavit. Appellant asserts that Exhibit C, the purported copies of appellant's monthly credit card statements that is attached to appellee's summary judgment motion, cannot be the copies of the records Seaman refers to in her affidavit because the affidavit was notarized on August 13, 2009, but Exhibit C contains copies of records through June 2010.

**{¶11}** We review a trial court's ruling on a motion to strike for abuse of discretion. *Scott v. Falcon Transport Co.*, 7th Dist. No. 02-CA-145, 2003-Ohio-6725, ¶11. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶12}** Pursuant to Civ.R. 56(C):

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this rule.*

(Emphasis added).

{¶13} And Civ.R. 56(E) provides in part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

{¶14} The proper method for introducing evidentiary materials not specifically authorized by Civ.R. 56(C) is to incorporate them by reference into a properly framed affidavit. *Martin v. Central Ohio Transit Auth.*, 70 Ohio App.3d 83, 89, 590 N.E.2d 411 (1990). Civ.R. 56(E)'s requirement that sworn or certified copies of all papers referred to in the affidavit be attached is met by attaching the papers to the affidavit with a statement in the affidavit that the copies are true and accurate reproductions. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981).

{¶15} Appellee relies on *Citibank (South Dakota) N.A. v. Lesnick*, 11th Dist. No. 2005-L-013, 2006-Ohio-1448, which it contends is analogous to the case at bar.

{¶16} In *Lesnick*, the defendant challenged the sufficiency of an affidavit attached to the plaintiff's summary judgment motion. The *Lesnick* affidavit in support of the plaintiff's summary judgment motion stated that an agreement existed between

the plaintiff and the defendant for the use of a credit card and that the defendant received goods, services and/or cash advances in the amount of $35,478.79. *Id.* at ¶11. The court found that these statements were sufficient to establish the existence of the account and the amount the defendant owed. *Id.* The *Lesnick* affidavit further stated that the affiant, by virtue of her position with the plaintiff, had access to all information regarding delinquent credit card accounts and had "'personal knowledge of all relevant financial and account information concerning Citibank * * * account number XXXXXXXXXXXX1770.'" *Id.* at ¶14. The affidavit further stated that the monthly account statements, "'attached hereto,'" were "'a hard copy printout of the financial information'" contained in the account. *Id.* The court found this language sufficient to authenticate the attached account statements. *Id.* Furthermore, the court found that the fact that the affidavit was sworn and notarized one month before the filing of the lawsuit did not disqualify the affidavit because it was simply prepared in anticipation of litigation and this had no bearing on its admissibility. *Id.* at ¶15. Thus, the court found that the affidavit and account statements were proper summary judgment evidence.

{¶17} This case is very similar to *Lesnick*. The affidavit in *Lesnick* was practically identical to the affidavit in this case. Both made statements to establish the existence of the account and the amount owed. Both made statements that the affiant, by virtue of her employment, had personal knowledge of all relevant financial and account information concerning the subject account. Both stated that the monthly account statements "attached hereto" were hard copy printouts of the financial information contained in the account. Both were sworn to prior to the actual filing of the lawsuit. And both specifically identified the defendant as the holder of the particular account. The only difference between *Lesnick* and the present case is that in *Lesnick*, the account statements were actually attached to the affidavit and properly labeled. In this case, the account statements are attached to the summary judgment motion and are mislabeled.

{¶18} This issue of mislabeled or unattached documents was addressed in

another similar case. In *Citibank v. Valentine*, 5th Dist. No. 11CAE100087, 2012-Ohio-2786, the defendant argued that the affidavit attached to the plaintiff's summary judgment motion was defective because "Exhibit A" referenced in the affidavit, which purported to be a hard copy printout of the financial information and balance owing, was not attached to the affidavit. The court found:

> Upon review of Citibank's motion for summary judgment, it shows Citibank attached Exhibits A, B, and C to their motion for summary judgment. Exhibits A, B, and C are the Home Equity Line of Credit Agreement and Disclosure, balance statements of the loan, and Beaver affidavit, respectively. Attached to the Beaver affidavit is the first page of the Home Equity Line of Credit Agreement and Disclosure with Valentine's signature, Valentine's promise to pay the loan, and a balance statement showing the amount due and owing on the loan at the time of default. While not specifically marked "Exhibit A," we find the existence of an agreement, the terms of the agreement and balance due are established by the Beaver affidavit. * * * These evidentiary materials are sufficient to carry Citibank's burden of showing that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law on its claims.

(Internal citation omitted). *Id.* at ¶19.

**{¶19}** According to Rule, Seaman's affidavit should have specifically referenced Exhibit C and appellee should have attached Exhibit C directly to Seaman's affidavit. But taking guidance from *Lesnick* and *Valentine*, we cannot conclude that the trial court abused its discretion in accepting Exhibit C. Once again, Exhibit C is a printout of account statements from April 16, 2007, through June 10, 2010. The amount due and owing remained at $1,451.99 from July 13, 2009, until June 10, 2010. Thus, the final account balance never changed from the time Seaman signed her affidavit on August 13, 2009. Furthermore, while Seaman stated

that "Exhibit A attached hereto" was the hard copy printout of the financial information, including the balance owing, she was clearly referencing Exhibit C, which was attached to the summary judgment motion. The mislabeling/mis-attachment of Exhibit C does not require that it be stricken in this case. See *Valentine*, supra.

**{¶20}** But the trial court should have struck Exhibit A, which is the application for credit, that was attached to the summary judgment motion. This exhibit was not mentioned at all in Seaman's affidavit either by name or by description. The only exhibit Seaman referenced was the printout of financial information as discussed above. As will be discussed below, however, the failure to strike Exhibit A was harmless because it was not necessary to prove appellee's case on summary judgment.

**{¶21}** Accordingly, appellant's first assignment of error is without merit.

**{¶22}** Appellant's second assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE (JUDGMENT ENTRY DATED AUGUST 10, 2011)[.]

**{¶23}** Here appellant argues that summary judgment was improper. She asserts that the monthly account statements allegedly detailing the activity in her account were not properly before the trial court.

**{¶24}** In reviewing a trial court's decision on a summary judgment motion, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (1998). Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v.*

*Flemming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶25}** An action on an account to recover money owed, such as on a credit card account, requires the plaintiff to make a prima facie showing of the existence of the account and the party's name,

> and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due.

*Great Seneca Financial v. Felty*, 170 Ohio App.3d 737, 869 N.E.2d 30, 2006-Ohio-6618, ¶6, citing *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123, 223 N.E.2d 373 (1967).

**{¶26}** In determining whether a genuine issue of material fact exists for trial, a trial court may not consider documents submitted in opposition to a summary judgment motion that are not sworn, certified, or authenticated by affidavit as they have no evidentiary value. *Green v. B.F. Goodrich, Co.*, 85 Ohio App.3d 223, 228, 619 N.E.2d 497 (1993). "While reliance on evidentiary material beyond that set forth in Civ.R. 56(C) has been allowed, it is only when the opposing party has raised no objection." *Id.*

**{¶27}** Because the trial court did not abuse its discretion in admitting Exhibit C, appellee demonstrated there are no genuine issues of material fact and it was entitled to judgment as a matter of law. Exhibit C demonstrated the beginning balance; a list of charges, debits, and credits; and a calculation of the amount it

claims is due. Appellant did not offer any evidence to the contrary.

**{¶28}** Exhibit A, the credit card application which should have been stricken from the record, was not necessary to prove any of the elements of appellee's claim. Seaman's averments, based on her personal knowledge of the account records, were sufficient to establish the existence of the account. See *Lesnick*, 2006-Ohio-1448, at ¶11.

**{¶29}** Additionally, in appellant's affidavit attached to her response to appellant's motion for summary judgment, she denies owing appellee $1,451.99. (McGee aff. ¶4). But this bare denial does not create a genuine issue of material fact. A mere statement that a debtor does not owe the amount of the debt is "nothing more than a general denial" of the plaintiff's claim, which is insufficient to satisfy the defendant's reciprocal summary judgment burden. *Citibank (South Dakota) N.A. v. Ogunduyile*, 2d Dist. No. 21794, 2007-Ohio-5166, ¶15. Instead, appellant "was required to set forth specific facts that would permit a trier of fact to find that the amount of debt claimed by * * * [the plaintiff] was incorrect."

**{¶30}** Because there was no genuine issue of material fact, summary judgment was proper. Accordingly, appellant's second assignment is without merit.

**{¶31}** For the reasons stated above, the trial court's summary judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, P.J., concurs.