[Cite as *CitiMortgage v. Foster*, 2012-Ohio-6274.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | ) | CASE NO. 11 MA 115 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BERCHINDLE J. FOSTER, ET AL. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                                         Pleas of Mahoning County, Ohio
                                                         Case No. 10 CV 3468

JUDGMENT:                                      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                        Atty. Mia L. Conner
                                                         Lerner, Sampson & Rothfuss
                                                         120 East Fourth Street, Suite 800
                                                         Cincinnati, Ohio  45202

                                                         Atty. Harry J. Finke, IV
                                                         Atty. Harry W. Cappel
                                                         Graydon, Head & Ritchey LLP
                                                         1900 Fifth Third Center
                                                         511 Walnut Street
                                                         Cincinnati, Ohio  45202-3157

For Defendants-Appellants:                Atty. Dale E. Bricker
                                                         100 DeBartolo Place, Suite #160
                                                         P.O. Box 3232
                                                         Youngstown, Ohio  44513

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                                         Dated:  December 18, 2012

WAITE, P.J.

**{¶1}** Appellants Berchindle and Katrina Foster ("Appellants") appeal the trial court's decision to grant summary judgment in favor of Appellee, CitiMortgage, Inc. ("Appellee"), in a foreclosure action. Appellants assign as error the court's finding that CitiMortgage, Inc., is licensed to do business in Ohio. Appellants contend that a foreign corporation such as Citimortgage, Inc., cannot maintain a civil action in Ohio unless it is properly licensed and registered with the Ohio Secretary of State pursuant to R.C. 1703.03, *et seq.*, and submit that, without proper corporate registration, Citimortgage, Inc., lacked standing to initiate and prosecute a foreclosure action. Appellants rely on a letter from the Ohio Secretary of State purportedly denying that Appellee is registered as a foreign corporation, but the letter does not correctly refer to Appellee and does not support their argument. As there is no other evidence in the record questioning the corporate registration of Appellee, the judgment of the trial court is affirmed.

## Statement of Facts

**{¶2}** On March 4, 2005, Berchindle J. and Katrina P. Foster financed the purchase of a house located at 3357 Quentin Drive, Youngstown, Ohio 44511 through First Place Bank. At that time they signed a promissory note in the amount of $72,856.00. The promissory note was transferred from First Place Bank to CitiMortgage, Inc., on March 7, 2005, as evidenced by the special indorsement on page two of the promissory note. The loan was secured by the mortgage granted by Appellants to First Place Bank and recorded in the office of the Mahoning County Recorder on March 7, 2005. The mortgage was assigned from First Place Bank to

CitiMortgage, Inc., as evidenced by the assignment executed March 4, 2005, and recorded in the office of the Mahoning Country Recorder on March 7, 2005. Appellants failed to make their monthly mortgage payments and Appellee declared default and accelerated the loan.

### Procedural History

{¶3} On September 10, 2010, Citimortgage, Inc., filed its mortgage foreclosure action in the Mahoning County Common Pleas Court. Appellants were served with the summons and complaint on October 18, 2010, and filed their answer on November 10, 2010. Appellants did not assert any affirmative defenses to the action. Appellee then moved for summary judgment.

{¶4} On April 27, 2010, Appellants filed their brief in opposition to the motion for summary judgment. One of the reasons they opposed summary judgment was an allegation that Citimortgage, Inc., was not registered in the Ohio Secretary of State's office to do business in Ohio as a foreign corporation. Appellants claimed that without proper corporate registration, Appellee had no standing to litigate a foreclosure action in Ohio. Attached to Appellants' brief was a certification from the Ohio Secretary of State's office that there was no registration record of an Ohio or foreign business entity named "Citimortgage." On May 19, 2011, Appellee replied in support of its motion for summary judgment. Appellee attached a copy of its corporate registration to its reply. On May 24, 2011, the magistrate entered his decision granting Appellee's motion for summary judgment, finding that Citimortgage, Inc., is licensed to do business in Ohio. Appellants filed objections, again raising the issue of Appellee's corporate registration. On June 30, 2011, the trial court overruled

the objections and adopted the magistrate's decision. On July 15, 2011, the trial court entered a decree in foreclosure. Appellants filed this timely appeal. The trial court issued a stay of execution of judgment on August 5, 2011.

## Standard of Review

**{¶5}** We review a trial court's entry of summary judgment de novo under the standards set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4539, 833 N.E.2d 712. The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact. *Id.* at 293. "A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991), paragraph three of the syllabus, citing *Celotex v.Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Furthermore, the burden of establishing that there is a genuine issue of material fact regarding a defense lies with the defendant. *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶23-24.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ADOPTNG THE MAGISTRATE'S DECISION WHICH HELD IN PART THAT PLAINTIFF IS LICENSED TO DO BUSINESS IN OHIO. THE TRIAL COURT IN GRANTING

SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF FAILED TO CONSIDER DEFENDANTS [SIC] AFFIDAVIT WHICH INCLUDED A CERTIFICATE BY THE OHIO SECRETARY OF STATE STATING THAT AS OF APRIL 1, 2011, THE SECRETARY OF STATE'S OFFICE HAD NO RECORD OF CITIMORTGAGE BEING REGISTERED EITHER AS A DOMESTIC OR FOREIGN CORPORATION.

{¶6} Appellants challenge the decision to grant summary judgment to Citimortgage, Inc., on the basis that Citimortgage, Inc., has no standing or capacity to sue in Ohio due to its alleged failure to properly register with the Ohio Secretary of State. R.C. 1703.03 states that "[n]o foreign corporation not excepted from sections 1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state." There is no dispute among the parties that Appellee is a foreign corporation and that it transacts business in Ohio. Although national banks that have a main office that is located outside of Ohio are exempt from the registration requirements of R.C. 1703.03, the record does not establish that Appellee is or is associated with a national bank. *Citibank v. Eckmeyer*, 11th Dist. No. 2008-P-0069, 2009-Ohio-2435.

{¶7} R.C. 1703.29(A) states: "* * * no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license." Appellants contend that Appellee did not establish that it was properly registered with the Ohio Secretary of State as a foreign corporation, and that the trial court should not have granted summary judgment to Appellee due to lack of standing to maintain a foreclosure action.

**{¶8}** Appellants are correct that the failure of a foreign corporation doing business in Ohio to have a current Ohio corporate license registered with the secretary of state is a defense to any action maintained by that corporation, and may form the basis of dismissal of the action if timely raised and properly proven. *P.K. Springfield, Inc. v. Hogan*, 86 Ohio App.3d 764, 770, 621 N.E.2d 1253 (2d Dist.1993).

**{¶9}** The evidentiary basis of Appellants' argument is a certificate it acquired from the Ohio Secretary State stating that it had no record of any business entity named "Citimortgage" licensed in Ohio. This certificate was properly referenced in an affidavit attached to Appellants' brief in opposition to summary judgment. Appellee responded by producing a copy of its corporate registration obtained from the secretary of state's internet website. This copy reflects that "Citimortgage, Inc." was currently registered as a foreign corporation in Ohio.

**{¶10}** Although Appellee attached the copy of its corporate certification to its reply in support of summary judgment, it failed to refer to the document in a properly submitted affidavit. Civ.R. 56(C) only allows for specific types of documents and evidence to be used in support of summary judgment: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."

**{¶11}** "The proper method for introducing evidentiary materials not specifically authorized by Civ.R. 56(C) is to incorporate them by reference into a properly framed

affidavit." *Citibank v. McGee*, 7th Dist. No. 11 MA 158, 2012-Ohio-5364, ¶14, citing *Martin v. Central Ohio Transit Auth.*, 70 Ohio App.3d 83, 89, 590 N.E.2d 411 (10th Dist.1990); *see also,* Civ.R. 56(E). Because Appellee did not reference its corporate registration in an affidavit, it was not properly before the trial court and is not evidence to support summary judgment.

**{¶12}** Despite Appellee's evidentiary problem, we are still left with the question as to why the Ohio Secretary of State would apparently certify that Appellee was not licensed as a foreign corporation in Ohio. This question is answered when we look more closely at the certification attached to Appellants' brief in opposition to summary judgment. The document states that the secretary of state's records "*show NO RECORD of any * * * foreign corporation * * * known as CITIMORTGAGE, filed in this office as of the date of this certificate.*" (Emphasis sic.) Appellee's corporate name, though, is not "Citimortgage." Appellee's correct name is "Citimortgage, Inc." A corporate name is a very precise term, and minor variations in the spelling and punctuation of a corporate name may result in an incorrect search being conducted by the secretary of state. For example, R.C. 1701.05(A)(1) requires that Ohio corporate names "end with or include the word or abbreviation 'company,' 'co.,' 'corporation,' 'corp.,' 'incorporated,' or 'inc.' " Presumably, a similar requirement exists in most other states. The certification requested by Appellants did not include the abbreviation "Inc." Thus, the search apparently resulted in a certification that has no relevance in this case. There is no entity named "Citimortgage" involved in this case. Appellee's corporate name is "Citimortgage, Inc." Appellants have not provided any evidence casting doubt on Appellee's corporate registration under its

correct corporate name. As stated earlier, the challenge to a corporate plaintiff's standing based on an alleged failure to register the corporation with the secretary of state is a defense, and Appellants had the burden of establishing a genuine issue of material fact regarding that defense. Appellants failed to meet that burden, and the trial court correctly ruled in Appellee's favor.

{¶13} In conclusion, Appellants did not provide relevant evidence to establish a genuine issue of material fact about whether Appellee was a registered foreign corporation in Ohio. The burden of proof was on Appellants to establish this defense to the foreclosure action. Appellants' argument on appeal is that Appellee had no standing to litigate a foreclosure action because it was not a registered corporation, but without any evidence to support such an assertion, summary judgment in favor of Appellee was appropriate. Appellants' sole assignment of error is overruled and the judgment of the trial court affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.