[Cite as *BAC Home Loans Servicing, L.P. v. Blythe*, 2013-Ohio-5775.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, L.P. | ) | CASE NO. 12 CO 12 |
| fka COUNTRYWIDE HOME LOANS | ) | |
| SERVICING L.P. | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WALTER J. BLYTHE, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
                             Pleas of Columbiana County, Ohio
                             Case No. 2010 CV 802

JUDGMENT:                    Reversed.
                             Complaint Dismissed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Monica Levine Lacks
                             Atty. James S. Wertheim
                             McGlinchey Stafford PLLC
                             25550 Chagrin Boulevard, Suite 406
                             Cleveland, Ohio  44122

For Defendants-Appellants:    Atty. Michael J. Roth
                             200 N. Main Street
                             Minerva, Ohio 44657

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                             Dated:  December 16, 2013

WAITE, J.

{¶1} Appellant Walter J. Blythe appeals the Columbiana County Common Pleas Court's decision granting summary judgment in favor of Appellee, BAC Home Loans Servicing, L.P., in a foreclosure action. Appellant challenges the trial court's finding that Appellee had standing to foreclose in the absence of evidence that Appellee was the holder of the note creating the obligation. Appellant relies on the material submitted by Appellee in support of this claim. Because the copy of the note filed by Appellee is specifically indorsed to Countrywide Bank, FSB, not Appellee, and there is nothing to indicate otherwise, Appellee has failed to demonstrate that it has standing to accelerate the note and foreclose the mortgage. The judgment of the trial court is reversed and the suit dismissed for lack of standing.

Statement of Facts

{¶2} On May 2, 2007 Appellant financed the purchase of a house located at 32282 Wooddale Dr., Hanoverton, Ohio, 44423 with a loan issued by Quicken Loans Inc. Appellant signed a promissory note as the sole obligor in the amount of $116,000.00. The note named the lender, Quicken Loans Inc., as the sole obligee. The promissory note was transferred by Quicken Loans Inc. in an undated special indorsement on page three of the note. The indorsement reads "WITHOUT RECOURSE Pay To the Order of Countrywide Bank, FSB" and was signed by Scott Johnson, capture manager for Quicken Loans, Inc. (1/27/12 Status Aff., Exh. A.)

{¶3} The note was secured by a mortgage on the Wooddale property granted by Appellant to Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee "acting solely as a nominee for Lender and Lender's successors and

assigns." (9/1/10 Complaint, Exh. B, Mortgage, p. 1.) Quicken Loans Inc. is identified in the mortgage as the lender. (9/1/10 Complaint, Exh. B, Mortgage, p. 2.) The mortgage was recorded in Columbiana County on either June 11 or August 11, 2007; the copy provided by Appellee is not clear. The mortgage, without reference to the note, appears to have been assigned by MERS "as nominee for Quicken Loans, Inc." to BAC Home Loans Servicing, LP, on March 22, 2010. (9/1/10 Complaint, Assignment.) The assignment was prepared by Lerner, Sampson, and Rothfuss, executed in Cincinnati, Ohio, and recorded in Columbiana County on either March 26 or March 28, 2010 (copy provided by Appellee is unclear).

{¶4} Appellee alleges that the account is due and owing from October 1, 2009, in the amount of $116,000.00, with interest accruing at the amount specified in the note from October of 2009. The accounting provided by Appellee reflects payment by the homeowner every month between the June, 2007 origination of the loan and October of 2009, when payment was apparently made for the month in which the default is alleged to have occurred. The accounting provided by Appellee reflects a zero balance for each month of the documented life of the loan. Appellee alleged default under the terms of the mortgage but does not specify nonpayment or otherwise identify the default that gave rise to acceleration and foreclosure.

Procedural History

{¶5} Appellee filed this foreclosure action in Columbiana County on September 1, 2010. The complaint was served via certified mail on or about September 14, 2010 and completed on September 17, 2010. On September 30,

2010, Appellant filed a timely answer to the complaint denying all allegations in the complaint, alleging as a defense that Appellee had failed to state a claim on which relief could be granted, and asserting his right to equitable redemption. The matter was then referred to mediation.

{¶6} Appellee moved for summary judgment, without leave and well beyond the dispositive motion's deadline, on January 27, 2012. On that same date Appellee separately filed an affidavit of status of account and military affidavit and a second military affidavit. (1/27/12 Status Aff.) It is unclear, but one or both of these may be the "Affidavit Supporting Plaintiff's Motion for Summary Judgment" mentioned in Appellee's motion. (Motion for Summary Judgment, p. 2) The status of account affidavit was executed in Texas by Gregory Higeons, an Assistant Vice President of BAC Home Loan Servicing, LP. He does not specify a date of default, but states generally that the account is due "from the date of default" in the amount of $116,000.00 "together with interest thereon" "at the rate specified in the note." (1/27/12 Status Aff., ¶3.) Copies of the note, mortgage, and an accounting are attached to the affidavit but are not referenced in or incorporated by the affidavit. (1/27/12 Status Aff.) Appellee's complaint and Appellant's brief both suggest that Appellant has filed personal bankruptcy. No evidence of bankruptcy or discharge appears in the record.

{¶7} Appellant filed a response in opposition to summary judgment and a motion to strike the summary judgment motion which was filed without leave in violation of the trial court's dispositive motion schedule. In opposition, Appellant

argued that Appellee lacked standing to foreclose and was not the real party in interest due to the absence of evidence in the record showing a transfer of interest in the note to Appellee. Appellee did not respond. The trial court overruled the motion to strike and granted Appellee's motion for summary judgment on February 17, 2012. Final judgment granting summary judgment and a decree in foreclosure was entered on February 24, 2012. Appellant filed a timely appeal of both orders. Appellant sought a stay of execution, which the trial court conditioned on a supersedeas bond of $50,000.00. It is unclear whether bond has been posted and no order granting a stay appears in the record.

Argument and Law

Assignment of Error

THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER THE PLAINTIFF-APPELLEE IS THE CORRECT PARTY IN INTEREST AND HAD STANDING TO BRING THE FORECLOSURE ACTION.

**{¶8}** Appellant contends that the trial court erred in deciding to grant summary judgment to Appellee because it lacked standing to foreclose. Summary judgment is governed by Civ.R. 56(C), which states:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely

filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (1999). A court may not resolve ambiguities in the evidence presented and is strictly limited to the evidence or stipulation in the record. Civ.R. 56(C); *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984).

{¶9} The party seeking summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher, supra*. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead

must submit some evidentiary material showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (1991). However, even a complete failure to respond to a motion for summary judgment does not, by itself, warrant that the motion be granted. *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47, 517 N.E.2d 904 (1988). In every case, a trial court's analysis must focus on whether the movant has satisfied the initial burden to show that reasonable minds could only conclude that the case should be decided against the nonmoving party. *Id.* Only where the movant has discharged this burden does the court move on to address whether the nonmovant has met its reciprocal burden of establishing that a genuine issue remains for trial. *Id.* A trial court should not enter a summary judgment if it appears that a material fact is genuinely disputed, or if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Houndshell v. American States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981).

{¶10} Appellant relies on Ohio's version of Article 3 of the Uniform Commercial Code, including R.C. 1303.21(B), in support of his argument that Appellee failed to satisfy its burden to establish standing. R.C. 1303 governs commercial paper, which includes the note that creates the obligation at issue. R.C. 1303.02, R.C. 1303.03(A), (B), (E)(1). R.C. 1303.21 defines "negotiation" as the "voluntary or involuntary transfer of possession of an instrument by a person other than the issuer to a person who by transfer becomes the holder of the instrument." R.C. 1303.21(A).

{¶11} Under the same section, "if an instrument is payable to an identified person [or entity], negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." R.C. 1303.21(B). Indorsement under the code "means a signature, other than that of a signer as maker * * * that alone or accompanied by other words is made on an instrument for any of the following purposes: (a) [t]o negotiate the instrument." R.C. 1303.24(A)(1).

{¶12} An indorsement that identifies the person or entity "to whom it makes the instrument payable" is a special indorsement. R.C. 1303.25(A). "An instrument, when specially indorsed, becomes payable to the identified person and may be negotiated only by the indorsement of that person." R.C. 1303.25(A). A special indorsement exists in opposition to a blank indorsement, which does not identify a payee, and instead makes the instrument "payable to bearer" and negotiable "by transfer of possession alone until specially indorsed." R.C. 1303.25(B).

{¶13} Appellee claims that ownership of the note is not necessary to enforce the agreement. While Appellee is correct that R.C. 1303.31(B) allows a person who is not the owner of the instrument or is in wrongful possession of the instrument to enforce the instrument, the special indorsement on this note precludes enforcement by any party other than the named entity. R.C. 1303.25.

{¶14} Appellee argues that it is the "holder" of the instrument. The term "holder" has specific legal significance in this context and is defined by R.C. 1303.32, which regulates that the holder must satisfy the applicable requirements included in

that section.  The first requirement is that the instrument is "issued or negotiated to the holder."  R.C.  1303.32(A)(1).

**{¶15}** The note at issue here was originally payable to Quicken Loans, Inc., and was transferred (negotiated) by special indorsement, to Countrywide Bank, FSB.  Appellee, BAC Home Loan Servicing, LP is not Countrywide Bank, FSB.  The record from the trial court does not contain any evidentiary material suggesting that Appellee is transferee or successor in interest of Countrywide Bank, FSB.  For the first time on appeal, Appellee asserts that we "may take judicial notice" that "Countrywide Bank, FSB was converted to a national banking association under the title of Countrywide Bank, N.A. and immediately thereafter merged with Bank of America, N.A." (Appellee's Brf., p. 4.)  If Appellee were correct and we could take judicial notice of such facts, they would not be sufficient to establish Appellee's alleged standing as the holder of the note.

**{¶16}** As we have recently noted, "[a] corporate name is a very precise term" and for this reason even "minor variations in the spelling and punctuation of a corporate name" can have dispositive legal significance.  *CitiMortgage v. Foster*, 2012-Ohio-6274, ¶12.  Appellee, BAC Home Loan Servicing, LP is not Bank of America, N.A.  The two are demonstrably separate corporate entities; one is a limited partnership, and the other is a national association; that is, a federally regulated bank.  Appellee's claim that it has holder status by virtue of the merger of two corporate entities other than itself is meritless.

**{¶17}** Appellee's assertion that it is a nonholder in possession and entitled to enforce is similarly mistaken. As the official comment to R.C. 1303.31/UCC 3-301 indicates, a nonholder in possession must establish that it has "acquired rights of a holder by subrogation," by transfer, is a successor to a holder, or "otherwise acquires the holder's rights." (UCC 3-301, official comment 1990, R.C. 1303.31.) To demonstrate status as a nonholder in possession of specially indorsed commercial paper, Appellee would have to demonstrate the transfer or acquisition of the paper. Nothing in this record establishes the transfer or acquisition of Countrywide Bank FSB's right to the note by any means. Even if Bank of America, N.A., and not Appellee, BAC Home Loan Servicing, LP, had filed suit with the exact copy of the note filed in this instance, Bank of America, N.A. would be required to produce Civ.R. 56 evidence of the transaction, merger, or mergers that gave rise to an interest in the subject note.

**{¶18}** At summary judgment, unlike trial, the material a court may consider is strictly limited: "[n]o evidence or stipulation may be considered except as stated in this rule." Civ.R. 56(C). The material explicitly allowed by the rule includes only "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). "The proper method for introducing evidentiary materials not specifically authorized by Civ.R. 56(C) is to incorporate them by reference into a properly framed affidavit." *Citibank v. McGee*, 7th Dist. No. 11 MA 158, 2012-Ohio-5364, ¶14; Civ.R. 56(E). The absence of a properly framed affidavit requires us to exclude material, even copies of

government records, where that material has not been properly placed in the record. *CitiMortgage v. Foster*, *supra*, ¶9-11 (stating that a copy of a bank's corporate registration was not properly before the court and "not evidence to support summary judgment" because "Appellee did not reference its corporate registration in an affidavit.")  No certificate of merger or mergers evidencing a relationship between Countrywide Bank FSB and any other entity appears in this record.  The evidence in the record does not support the right of any party other than Countrywide Bank FSB to enforce the subject note.  Unlike the note produced by CitiMortgage in *Foster*, the note Appellee seeks to enforce is not bearer paper.  Appellee cannot overcome the multiple evidentiary deficiencies in this record with a copy of a specifically indorsed instrument.

**{¶19}**  We note that:

For nearly a century, Ohio courts have held that whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt and the mortgage is a mere incident to the obligation.  *Edgar v. Haines* (1923), 109 Ohio St.159, 164, 141 N.E. 837.  Therefore, the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered. *Kuck v. Sommers* (1950), 100 N.E.2d 68, 75, 59 Ohio Abs. 400.

*U.S. Bank Nat'l. Assn. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶52.  The note in this instance, unlike the note in *Marcino*, is not bearer paper:  it is payable to a specific entity and Appellee is not that entity.  Countrywide

Bank FSB, not Appellee, is the holder of the note filed in this action. "The current holder of the note and mortgage is the real party in interest in foreclosure actions." *Id.* at ¶32. "Where a party fails to establish itself as the current holder of the note and mortgage, summary judgment is inappropriate." *Id.*

**{¶20}** "[S]tanding to sue is part of the common understanding of what it takes to make a justiciable case." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶21, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "[S]tanding is a 'jurisdictional requirement * * * [i]t is an elementary concept of law that a party lacks standing *to invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis sic.) *Id.* at ¶22. "[T]he issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings." *Id.* "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Id.* at ¶40. Appellee is not the holder entitled to enforce the subject note and fails to meet the jurisdictional requirements to file suit. Due to Appellee's lack of standing, Appellant's assignment of error is sustained, the judgment of the trial court reversed, and the complaint is dismissed without prejudice.

Conclusion

**{¶21}** Appellee has not established that it is the current holder of the note and mortgage that are the subject of this action, hence, Appellee does not have standing to file suit. Appellant's single assignment of error is sustained and, under *Schwartzwald*, the judgment of the trial court is reversed. The complaint is hereby dismissed without prejudice. All costs are taxed to Appellee.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.