[Cite as *Discover Bank v. Dirienzo*, 2026-Ohio-361.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

DISCOVER BANK,

Plaintiff-Appellee,

v.

NORMA J. DIRIENZO,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 CO 0016**

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2024 CV 258

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Amanda Rasbach Yurechko*, for Plaintiff-Appellee and

*Atty. J. Jeffrey Limbian*, for Defendant-Appellant.

Dated: February 3, 2026

**Robb, J.**

{¶1} Defendant-Appellant Norma J. Dirienzo appeals the decision of the Columbiana County Common Pleas Court entering summary judgment in favor of Plaintiff-Appellee Discover Bank. She contends her reciprocal summary judgment burden never arose because Discover's affidavit incorporated a cardmember agreement that was not signed and relied on circumstantial evidence she used the card (by submitting account statements addressed to her showing purchases, payments, and balances for the one-year period before charge-off). For the following reasons, the trial court's judgment is affirmed.

## STATEMENT OF THE CASE

{¶2} On June 20, 2024, Discover filed a complaint against Appellant containing the following allegations: she applied for a credit card with Discover; she became bound by the attached cardmember agreement by using the account as evidenced by the attached statements; she defaulted under the terms of the agreement; and she owed an accelerated balance of $22,337.17.

{¶3} Appellant, through counsel, filed an answer. She denied for want of knowledge whether she applied for the account and generally denied the other allegations. The court issued a scheduling order providing seven months from the date of her answer to conduct discovery, with any summary judgment motions due 6 weeks later. (8/12/24 J.E.).

{¶4} Discover timely moved for summary judgment, pointing out Appellant's use of her account bound her to the terms of the cardmember agreement. The affidavit of Discover's litigation specialist was submitted in support. (Mot. Ex. B). He authenticated as business records the account statements and the cardmember agreement attached to the summary judgment motion. Tracking the language of Evid.R. 803(6), he said the records were kept in the regular course of Discover's business, it was the regular course of Discover's business to maintain the records, and the entries in the record were made at or near the time of occurrence by a person with knowledge or from information transmitted by a person with knowledge. Upon the affiant's review of the records, he concluded Appellant was in default of the terms of the account number specified in the

statements by failing to make the required payments and there was due from her the sum of $22,337.17 plus costs.

**{¶5}** The incorporated statements covered the one-year period before the statement ending February 29, 2024. The latter statement credited the account with its accrued $3.91 in cash back rewards and displayed an "internal charge-off" corresponding to the amount sought in the complaint. (S.J. Mot.Ex. A).

**{¶6}** In the year prior to charge-off, the card was used solely for purchases from a mail-order pharmacy on the following dates in 2023: February 22 ($34.27), March 11 ($9.43), March 17 ($8.97), April 13 ($25), May 16 ($8.51), May 20 ($34.27) and August 16 ($8.10). During the same timeframe in 2023, Discover received payments on the account in the following months: March ($466), April ($426), May ($475), June ($460), July ($479), August ($5), September ($10), October ($20), and November ($10).

**{¶7}** In the first half of 2023, the account statements were sent to "John P. Dirienzo Jr. [and] Norma J. Dirienzo" at their Canfield address. Beginning with the statement ending on July 17, 2023, the statements were addressed only to Appellant (Norma). Discover indicates this commonly occurs when a joint account holder spouse dies, while additionally pointing out the account shows purchases made and payments credited even after the name of Appellant's joint account holder was removed from the account.

**{¶8}** The cardmember agreement attached to the motion for summary judgment and incorporated by the affidavit began by stating, "Thank you for choosing Discover card. This Agreement explains the current terms and condition of your Account." The agreement advised the account holder to read the agreement carefully and to keep it as a record. The first bolded heading "ACCEPTANCE OF AGREEMENT" included the following information:

> You accept the Agreement if you do not cancel your Account within 30 days after receiving a card. You also accept the Agreement if you or an Authorized User use the Account.

(Mot.Ex. C). The word you was defined as "you and any other person(s) who are also contractually liable under this Agreement." The term authorized user was defined as "any person you authorize to use your Account or Card, whether you notify us or not."

**{¶9}** Under separate bold headings, the agreement explained the account holder is responsible for all charges made by any authorized user and a joint account holder is both individually and jointly liable for the entire amount owed on the account.

**{¶10}** Account holders were also instructed they were required to notify Discover immediately if the card was lost or stolen or they believed someone was using the account or card without permission. Instructions were provided for reporting any errors. The agreement contained other standard sections, containing information related to payments, interest, fees, default, cancellation, and collection. It was disclosed the terms of the account may change from time to time.

**{¶11}** Appellant's response in opposition to Discover's summary judgment motion set forth no evidence in opposition. Instead, Appellant argued Discover did not meet its initial summary judgment burden. Appellant claimed Discover failed to prove the existence of a valid contract because the cardmember agreement was "generic" and unsigned. In other arguments, Appellant claimed the affidavit did not demonstrate personal knowledge and the exhibits were inadmissible hearsay and unauthenticated. Appellant criticized the failure to attach the entire history of the account, claiming accord and satisfaction or payment "may apply" as a defense. It was also claimed Discover did not attest it was the original creditor (noting there was no chain of assignment and suggesting Appellant could not ascertain whether there could be a potential standing issue).

**{¶12}** Discover's reply urged it met the initial summary judgment burden to produce some evidence on the issues for which it would bear the burden at trial, which gave rise to Appellant's reciprocal burden. Emphasizing Appellant's failure to submit an affidavit in support of any genuine issues of material fact, it was pointed out the non-movant may not rest on mere allegations and denials but must point to evidentiary material demonstrating a genuine issue of material fact remains for trial. In addition, Discover pointed to the law allowing an affidavit to authenticate business records and cited cases on proving an account and on accepting a credit card agreement by using the card (or by other acts described in the agreement). Discover also noted the law imposes a duty to object to any contested account statement to prevent an account balance from becoming "an account stated."

Case No. 25 CO 0016

{¶13} On May 21, 2025, the court granted Discover's motion for summary judgment. The court rejected Appellant's contention about Discover's affidavit, pointing to compliance with the business records hearsay exception in Evid.R. 803(6), which rule was not addressed in Appellant's opposition to summary judgment. The court disposed of Appellant's musings on standing, saying Discover was the issuer of the account, the issuer of the statements, and the provider of the cardmember agreement. (The statements specifically disclosed Appellant was a "cardmember since 1987.")

{¶14} The trial court reviewed the cardmember agreement dated in 2022 and the account statements, which covered a one-year period beginning February 18, 2023 and ending with the statement containing the charge-off on February 29, 2024. The court applied the law stating, "Credit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement." *Citibank, N.A. v. Hines*, 2019-Ohio-464, ¶ 31 (4th Dist.). The court found the evidence established the existence of an account and the statements provided an accounting to Appellant by including information such as: her name, previous balance, dated payments and credits, interest for the period, new balance, and due date. The court also quoted from the cardmember agreement on how acceptance of the agreement would occur unless the account holder canceled the card within 30 days. The trial court made the following additional observations: Appellant's answer contained no affirmative defenses as required to avoid waiver under Civ.R. 8(C); she submitted no affidavit, answers to interrogatories, or other discovery items in support of her argument; and she pointed to no evidence showing she canceled the account, objected to the statements, or made any payments on the account that were not credited to it.

{¶15} Concluding Discover met its initial summary judgment burden and Appellant failed to meet her reciprocal burden, the court granted summary judgment to Discover. Appellant filed a timely notice of appeal.

<u>ASSIGNMENT OF ERROR</u>

{¶16} Appellant's sole assignment of error contends:

"The Trial Court erred in finding that the Appellant was entitled to Summary Judgment as a matter of law as genuine issues of material fact exist."

<u>Case No. 25 CO 0016</u>

**{¶17}** Summary judgment can be granted when there remain no genuine issues of material fact and reasonable minds construing the evidence in the light most favorable to the non-movant can only conclude the movant is entitled to judgment as a matter of law. Civ.R. 56(C). A summary judgment movant has the initial burden of stating why the movant is entitled to judgment as a matter of law and showing there is no genuine issue of material fact. *Byrd v. Smith*, 2006-Ohio-3455, ¶ 10, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294 (1996).

**{¶18}** As explained by the Supreme Court, the non-moving party then has a reciprocal burden. *Id.* The non-movant's response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing there is a genuine issue for trial. Civ.R. 56(E). The non-movant may not rest upon mere allegations or denials in the pleadings. *Id.*

**{¶19}** Although the court is to consider the evidence in the light most favorable to the non-movant, summary judgment is not to be discouraged where the non-movant fails to respond with evidence supporting the essentials of his argument. *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 269 (1993). Moreover, the material issues of each case depend on the substantive law, and only outcome-determinative and properly disputed facts will preclude summary judgment. *Byrd* at ¶ 12. We consider the propriety of granting summary judgment de novo. *Comer v. Risko*, 2005-Ohio-4559, ¶ 8 (where the Ohio Supreme Court reversed the appellate court and reinstated the trial court's grant of summary judgment).

**{¶20}** Appellant complains the cardmember agreement provided by Discover is not signed by her. She describes it as a "generic template" of a contract. From this, she claims there was no evidence to support the statement in ¶ 2 of the complaint that she "applied for a credit card with Plaintiff." She says the trial court made an improper "assumption" that she signed or acceded to the cardmember agreement without requiring Discover to provide a signed copy of it. She seemingly argues there are no valid contracts unless they are physically signed in writing, without discussing the law applicable to an account (or recognizing the law generally allows for implied and even oral contracts).

**{¶21}** Appellant also claims there was no proof she personally used the account or the credit card and thus Discover failed to establish ¶ 3 of the complaint ("By use of the

account, the Defendant became bound by the terms in the Credit Card Agreement") or ¶ 5 of the complaint (describing the charge-off balance as "[t]he amount due and owing by the Defendant"). She insists her summary judgment burden never arose because Discover failed to satisfy its initial burden.

**{¶22}** To the contrary, Discover says the properly supported summary judgment motion set forth a prima facie case for the existence of an account with the balance owed, and Appellant failed to generate or point to evidence in opposition. Essentially, Discover's arguments encompass the following premises: the well-established law shows the existence of an account does not depend on a signature on a written agreement; an unsigned cardmember agreement can be applied to new charges and create new procedures on an existing account where the account is used after the agreement is issued (or other acts or omissions described in the agreement occur); the agreement at issue said it would apply if the account was used or if the card was not canceled within 30 days after its receipt; and both charges and payments were made in the year prior to charge-off (including after the joint account holder's name was removed from the statements) with no objection to the content of the account statements.

**{¶23}** Discover points to Appellant's failure to recognize the complaint set forth an action on an account to recover money owed, which does not require a signed writing, citing a case holding, "the credit card application . . . was not necessary to prove any of the elements of appellee's claim." *Citibank v. McGee*, 2012-Ohio-5364, ¶ 28 (7th Dist.) (upholding summary judgment for the bank even where the movant's affidavit identified the account statements but forgot to refer to the agreement). It is emphasized there is no requirement for a bank moving for summary judgment to prove with direct evidence[1] that a card holder received the credit card agreement (such as by a certified mailing of each new card accompanied by the agreement). There is also no requirement for the bank to attach decades of account statements to a summary judgment motion (which Appellant could have requested in discovery). And, Discover points out there is no requirement for the bank to produce signed receipts for every purchase to definitively establish Appellant

---

[1] In general, "[a]s in any lawsuit, the plaintiff may prove his case by direct or circumstantial evidence. *Mauzy v. Kelly Services, Inc.*, 75 Ohio St.3d 578, 584 (1996); *see also State v. Treesh*, 90 Ohio St.3d 460, 485 (2001) ("Circumstantial evidence and direct evidence inherently possess the same probative value.").

was the person who made the charge on the card issued in her name (or, where the latest charges were from a mail order pharmacy, somehow subpoena the pharmacy to see whose name and address were on the prescriptions).

{¶24} Moreover, an affiant incorporating business records under Evid.R. 803(6) need not have personal knowledge the debtor received the agreement or made the charges on the account in order to authenticate the records applicable to the account in Appellant's name. *Buckeye Terminals, L.L.C. v. Franklin Cty. Bd. of Revision*, 2017-Ohio-7664, ¶ 30 (where the Ohio Supreme Court reversed a decision excluding business records upon holding "[the witness] need not have firsthand knowledge of the underlying transaction to lay the foundation for the spreadsheet as a business record"), citing *State Farm Mut. Auto. Ins. Co. v. Anders*, 2012-Ohio-824, ¶ 15–16 (10th Dist.) (the witness need not have personal knowledge of the exact circumstances of the production of the documents or firsthand knowledge of the transaction giving rise to the record). In any event, Appellant does not cite the rule or review law related to this principle.

{¶25} The argument presented by Appellant on appeal is contrary to various principles relating to an action on an account. The Supreme Court of Ohio has described an open book account as a detailed statement of debits and credits constituting the principal record of the transactions between the creditor and debtor arising out of a contract or fiduciary relationship. *Minster Farmers Coop. Exchange Co. v. Meyer*, 2008-Ohio-1259, ¶ 16. In a statutory context, an account has been defined as "a right to payment of a monetary obligation, whether or not earned by performance . . . arising out of the use of a credit or charge card or information contained on or for use with the card . . ." R.C. 1309.102(A)(2)(a)(vii) (in distinguishing it from certain secured instruments).

{¶26} "On an account, the purchase transaction creates the debtor-creditor relationship." *JPMorgan Chase Bank, N.A. v. Gallabrese*, 2025-Ohio-733, ¶ 37 (7th Dist.), citing *Gray Printing Co. v. Blushing Brides, L.L.C.*, 2006-Ohio-1656, ¶ 21 (10th Dist.). The issuance and use of a credit card creates a legally binding agreement. *Midland Credit Mgt., Inc. v. Bowers*, 2025-Ohio-2578, ¶ 48 (7th Dist.) (contesting the applicability and the new assignee's right to enforce an arbitration clause in the cardmember agreement), citing *JPMorgan Chase* at ¶ 13.

**{¶27}** In addition to showing the name of the party charged, the Supreme Court has stated the documents establishing the account will have the following features: it "preferably" starts with a zero balance but can start with a sum representing "an account stated" with the balance being a "provable" sum (should the case proceed to trial); there are dated and labeled transactions recorded to show charges, debits, or credits; and there is a summarization with the "running or developing balance" or an arrangement allowing the balance to be calculated. *Minster Farmers* at ¶ 16.

**{¶28}** An account stated is based on express or implied assent to its correctness, such as where account statements are provided by the creditor and the debtor fails to object within a reasonable time to their correctness. *Creditrust Corp. v. Richard*, 2000 WL 896265, *5 (2d Dist. July 7, 2000). In other words, an "account rendered by one person to another and not objected to by the latter within a reasonable time becomes an account stated . . . It is the duty of the person to whom the account is rendered to examine the account within a reasonable time and make objections if there is a dispute as to the correctness of the account." *Bank of America, N.A. v. Dickerson*, 2025-Ohio-1141, ¶ 13 (12th Dist.), quoting *Hamilton Farm Bur. Coop., Inc. v. Ridgway Hatcheries Inc.*, 2004-Ohio-809, ¶ 13 (3d Dist.) (and even if the original contract terms do not specify finance charges, interest can become a valid part of the contract thereafter under the law on accounts).

**{¶29}** "Generally, an account stated is not treated as absolutely conclusive, but only as prima facie correct; nevertheless, in the absence of a showing of fraud or mistake, an account stated is sufficient to permit recovery of the agreed upon amount." *Creditrust* at *5. "Thus, the effect of an account stated is that the account will be taken as correct until shown by the party to whom it was rendered to be incorrect." *Id.*; *see also Hamilton Farm Bur.* at ¶ 13 ("An established account stated is prima facie evidence of its correctness").

**{¶30}** Moreover, even where an account holder submitted an affidavit claiming she did not receive the cardmember agreement, courts have found no genuine issue of material fact for trial where the bank submitted the agreement and recent account statements and where the account holder did not respond with an affidavit saying she did not make the purchases (or the payments) or owe the balance. *See Midland Credit*, 2025-

Ohio-2578, at ¶ 49-52 (7th Dist.) (as a matter of law, the unsworn denial in a defendant's answer on making the charges on the account is insufficient under such circumstances), citing *Chase Bank USA, NA v. Lopez*, 2008-Ohio-6000, ¶ 13 (8th Dist.). In the cited case, the non-movant's affidavit disclaimed receipt of the written terms, but this did not meet the burden in response to bank's summary motion, which attached a copy of the cardmember agreement and nearly a year's worth of account statements addressed to the card holder showing a past due balance in the amount claimed. *Chase Bank* at ¶ 13. "[The] argument, that lack of a signed credit card agreement precludes proof of any contract between the parties based on an account, is deficient . . ." *Id.* at ¶ 14.

{¶31} Appellant's brief does not review the law relevant to credit cards or accounts (citing only general summary judgment law). Discover sufficiently demonstrated a prima facie case on the existence of the account, an amount representing an "account stated" followed by a year's worth of account statements showing purchases and payments, and a cardmember agreement attached to the account that explained the account holders accepted the agreement if they failed to cancel the account within 30 days of receiving the card or if they (or an authorized user) used the account. Appellant submitted no affidavit or other evidence disputing these basic elements or establishing a defense to show there is a genuine issue of material fact that is not apparent in Discover's submissions.

{¶32} In conclusion, the summary judgment burden shifted to Appellant, and she failed to meet her reciprocal burden. For the foregoing reasons, Appellant's assignment of error is overruled, and the trial court's judgment is affirmed.


Waite, P.J., concurs.

Dickey, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**